# Oklahoma Vinegar Co. *v.* Hamilton & Bunkley.

*Action of Assumpsit for Purchase Price of Goods Sold.*

[Decided June 12, 1902.]

1. *Contract for sale and purchase of goods; when contract breached by delay in delivery.*—Where it is shown that in a contract of sale and purchase of goods and merchandise, time within which the delivery of the goods was to be made, is of the essence of the contract, and the written order, signed by the defendants, expressly stipulated that the goods were to be shipped "at once," if, in an action by the sellers upon said contract, it is shown that the goods were not shipped "at once," but more than two weeks after the order was given and after the occasion for which the defendant wanted the goods shipped had passed, there is such a breach of the contract as will prevent a recovery by plaintiff.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The appellant, the Oklahoma Vinegar Company, brought the present suit against the appellees, Hamilton & Bunkley, upon a verified account, to recover the purchase price of phosphates sold by the plaintiff to the defendant. The purchase was made through a travelling salesman of the plaintiff, to whom the defendants gave a written order for the goods. The defendants pleaded, first, the general issue; second, the rescission of the contract; and, third, the breach of the contract by the plaintiff. The other facts of the case are sufficiently shown in the opinion.

Upon the introduction of all the evidence the plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the

38s

[Oklahoma Vinegar Co. v. Hamilton & Bunkley.]

jury believe the evidence, they must find for the plaintiff." (3.) "The words in the contract or order in evidence, 'At once,' mean in law 'within a reasonable time,' and if you believe from the evidence that the goods were shipped to the defendants as soon as plaintiff in the case could get satisfactory recommendation as to the solvency and financial standing of the defendants, then such shipment would have been within a reasonable time under the meaning of the contract, and you should find for plaintiff." (4.) "I charge you, gentlemen, that if the order was given on November 3, and plaintiff delivered the goods to railroad for shipment to defendants on November 19th, then the goods would have been shipped within a reasonable time, and you should find for plaintiff."

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the refusal of the court to give the several charges requested by it.

WORTHY & GARDNER, for appellants, cited 8 Am. & Eng. Ency. Law, 571; 2 Mechem on Sales, 1134; 19 Am. & Eng. Ency. Law, 640.

E. R. BRANNEN, contra, cited Griffin v. Ogletree, 114 Ala. 343; Extract Co. v. Ryan, 104 Ala. 267; Comer v. Way, 107 Ala. 301; McFadden v. Henderson, 29 So. Rep. 642; Story on Sales, Addison on Contracts, § 578; Am. & Eng. Ency. Law (1st ed.), 642.

McCLELLAN, C. J.—The evidence goes to show that the time within which delivery of the goods defendants ordered from plaintiff's agent was to be made, was of the essence of the contract of sale, and the written order signed by the defendants expressly stipulates that the goods were to be shipped *at once* from Montgomery to the defendants at Troy, Alabama. It is also shown that the goods were not shipped at once, but more than two weeks after the order was given, and after the occasion for which defendants wanted the goods had passed, that

they were not shipped from Montgomery at all, but from Atlanta, Georgia, and that they arrived at Troy more than three weeks later than they were to have been delivered there according to the contract between defendants and plaintiff's agent, and entirely too late for the purposes of defendants communicated to the agent at the time the order was given. It is also shown that defendants promptly declined to receive the goods and repudiated the transaction on the ground of the unwarranted delay in delivery. It is not and could not be even plausibly insisted on these facts that the Vinegar Co. in this suit for the price of the goods was entitled to the affirmative charge, though that direction was requested by plaintiff on the trial. It is insisted, however, that notwithstanding the exigent nature of defendants' use for the goods, communicated to plaintiff's agent, and notwithstanding the written order itself calls for shipment of them "at once" from a nearby station, the plaintiff had such reasonable time for shipment as would admit of its instituting and completing an investigation as to defendants 'solvency, etc., and that charges requested to that effect should have been given. We do not think so. The doctrine is that when no time is specified for shipment or delivery the shipment and delivery is well made in such time as would be reasonable under all the circumstances; and it is true, too, doubtless, that some appreciable time must elapse on an order for shipment "at once" and such necessarily lapsing time would be a reasonable time in a sense referable to the urgent words of the order; but in this latter case, the case here, it would be palpably misleading to instruct the jury that plaintiff had a reasonable time to ship and deliver without defining the time that would be reasonable by a reference to the urgency of defendants' occasion and the expedition demanded by the terms of the order. Especially would such charges have been misleading and prejudicial here in view of the long delay which supervened and the asserted purposes of that delay—to inquire far and near into the commercial standing of the defendants. It was clearly the contemplation of de-

fendants and the agreement of the agent that the goods
should be shipped at once from Montgomery, and no
longer delay in shipment was authorized than was nec-
essary to consult the persons referred to in the order,
and who lived in Montgomery, as to defendants' solv-
ency. etc., and thereafter to deliver the goods at a sea-
sonable hour to the carrier.   The charges asked by
plaintiff were properly refused.

Affirmed.