# Hammer *v.* Lange, *et al.*

## *Bill to Reform a Deed.*

(Decided Nov. 21, 1911.   56 South. 573.)

1. *Reformation of Instrument; Grounds; Mistake.*—Written instruments may be reformed by equity where there is a mutual mistake, i. e., where there has been a meeting of minds, but the instrument as written does not express the intent of the parties, or where there has been a mistake of one party, accompanied by fraud or other inequitable conduct, of the other. In such cases, the instrument may be made to conform to the arrangement or agreement, or to the transaction entered into, according to the intention of the parties.

2. *Same; Evidence; Weight.*—To authorize reformation of a written instrument because of mistake, parol evidence of the mistake and of the modification sought must be most strong and convincing.

3. *Same; Scope of Relief.*—In a suit to reform a written instrument a court of equity may only change the form of the contract to express that which the parties agreed on, and may not make a new contract or establish that as a contract which it is supposed the parties would have made, had they understood all of the facts.

4. *Same; Deeds; Mistake.*—Where a complainant sold certain property to respondents under a description fixing the north line as

[Hammer v. Lange, et al.]

a certain number of feet from a fence which was supposed to be the south line, but which was not in fact on the south line of the lot, the complainant was not entitled to have the deed reformed so as to place the north line at a point covering the requisite number of feet from the south line of the lot.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by J. F. C. Hammer against Robert Lange and another, to reform a deed. Judgment for respondent and complainant appeals. Affirmed.

JAMES A. MITCHELL, for appellant. A mistake of the kind here sought to be corrected may be shown by parol evidence and corrected in equity.—*Miller v. Morris*, 123 Ala. 164; *Jones v. McNealy*, 139 Ala. 379; *Stevens v. Hertzler*, 114 Ala. 563; *Houston v. Faul*, 86 Ala. 237; *Page v. Whatley*, 50 South. 116. Under the circumstances here in evidence, adverse possession was not acquired to the additional foot.—*Davis v. Caldwell*, 107 Ala. 526. Counsel discusses the evidence, and insists that under it complainant was entitled to the relief prayed. The court cannot, in vacation, dismiss a bill because of a variance without first giving an opportunity to amend so as to meet the proof.—*Gilmer v. Morris*, 80 Ala. 78; *Gilmer v. Wallace*, 75 Ala. 220.

F. E. ST. JOHN, for appellee. Where there is uncertainty the court will not interfere.—*Hertzler v. Stevens*, 119 Ala. 333. The court proceeds with the utmost caution, and requires clear and convincing evidence.—*Campbell v. Hackett*, 55 Ala. 551; *Orlander v. Dexter*, 97 Ala. 476; *Guilmartin v. Urquhart*, 82 Ala. 571. The burden in such cases is always on the complaining party.—*Moore v. Tate*, 114 Ala. 582; *Berry v. Sowell*, 72 Ala. 17; *Keith v. Woodruff*, 136 Ala. 443.

[Hammer v. Lange, et al.]

SIMPSON, J.—The bill in this case was filed by the appellant, to have reformed a deed executed by the complainant to the respondent.

The parties undertook to measure the lot with a tape-line, starting from a certain fence, which, it is now claimed, is not on the southern line of the lot intended to be conveyed. The deed does not mention the fence, but makes the southern line of the lot the base. It is not sought to reform the deed as to this southern line, but only as to the northern line. There is a conflict between the evidence on the part of the complainant, and that on the part of the respondent, as to how many feet the northern line was to be from the base line, although they both agree that in making the measurements the fence was the point from which they measured. There is also some conflict as to how much English each party understood, yet we do not think the evidence bears out the claim of the complainant, that he was so deficient in the knowledge of English as to be incapable of understanding the purport of the deed which he made. A diagram of the land was made by the respondent, as it was measured, and both parties went to the scrivener with that diagram; and he testifies that he made the deed according to directions.

The testimony on the part of the complainant tends to show that, when the measurement was made, the distance called out was 43 feet 3 inches *from the fence,* and the testimony on the part of the respondent tends to show that it was 44 feet 3 inches from the fence. It seems to be taken for granted that the fence is about 1 foot south of the south line of the lot.

The cases in which instruments may be reformed are: "First, where there is a mutual mistake—that is, where there has been a meeting of minds, an agreement actually entered into, but the contract, deed, settlement, or

other instrument, in its written form, does not express what was really intended by the parties thereto; and, second, where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining parties. In such cases, the instrument may be made to conform to the agreement or transaction entered into, according to the intention of the parties."—4 Pom. Eq. Jur. (3d Ed.) § 1376, p. 2725.

"The authorities all require that the parol evidence of the mistake and of the alleged modification must be most clear and convincing—in the language of some judges, 'the strongest possible'—or else the mistake must be admitted by the opposite party; the resulting proof must be established beyond a reasonable doubt.— 2 Pom. Eq. Jur. (3d Ed.) § 859, p. 1515.

This court has said: "To authorize the reformation of a contract which has been reduced to writing and signed, the proof must be clear, exact, and satisfactory, first, that the writing does not truly express the intention of the parties—that on which their minds had agreed; and, second, what it was the parties intended the writing should express."—Guilmartin v. Urquhart, 82 Ala. 571; 1 South. 897. Also: "If the proof is uncertain in any material respect, it will be held insufficient; and, while the courts may feel a great wrong has been done, they cannot grant relief by reason of uncertainty."—Hertzler v. Stevens, 119 Ala. 337, 24 South. 522, citing cases.

It is evident that the only authority in the court is to reform the contract so as to express that which the parties agreed on. It cannot make a new contract for the parties, nor establish that as a contract between them, which it is supposed they would have made, if they had understood the facts.

[Hammer v. Lange, et al.]

In this case, if the measurements made could be considered as evidence of the contract intended, they did not relate to a lot of which the southern boundary is the south line of the *lot*, but one of which the south line is the fence. It is true that they seemed to think that the line as run would extend only to a point midway between their respective houses, but they did not agree upon that except upon the basis of the fence being the southern base line; and we cannot say what would have been their agreement on the basis of the southern line of the lot being the base line.

The appellee contends that the complainant did not own to the fence; but, in addition to the fact that there is no proof of this, that does not change the fact that their measurements and calculations were based upon the fence as the southern line. The complainant was the actor in the matter, selling a portion of his holdings to the respondent, a newcomer, and, according to the testimony of the respondent, the complainant had possession of the deed for several days before he delivered it.

The evidence does not sustain the contention of complainant that he was to convey only an easement in the 12-foot strip of land.

Under these facts, we cannot say that the complainant has met the requirements of the law so as to entitle him to the relief prayed.

The decree of the court is affirmed.

Affirmed.

ANDERSON, McCLELLAN, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. DOWDELL, C. J., not sitting.