# Booth, et al. v. Cornelius, et al.

## Bill to Reform Deed.

(Decided November 7, 1914.  66 South. 630.)

*Reformation of Instrument; Evidence.*—A bill to reform a deed on the ground that through mutual mistake it conveyed more land than was intended to be conveyed, must be supported by complainant by clear, convincing and satisfactory evidence that the deed did not express the true agreement.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Bill by Florence Booth and others, against R. M. Cornelius and others, to reform a deed. From a decree for respondents, complainants appeal. Affirmed.

JONES & PENICK, for appellant.

OLIVER, VERNER & RICE, for appellee.

GARDNER, J.—The bill in this case was filed by the appellants for the purpose of reforming a certain deed executed on the 20th day of June, 1907, by J. R. Booth and wife, Florence Booth, to the appellees. The appellants contend that, through a mutual mistake, unintentionally and inadvertently, the deed was made to convey more land than was contemplated and agreed upon by the parties. The appellees insist that there was no mutual mistake, but that the deed correctly describes the land purchased by them from J. R. Booth, and that they immediately went into possession of the same. A plat of the land is attached as an exhibit to the bill, and shows the land conveyed and the portion thereof in dispute, the latter estimated to contain from one-half to three-fourths of an acre.

[Booth, et al. v. Cornelius, et al.]

The parties to the transaction had originally agreed upon a sale of two acres for a mill site for the appellees. For this purpose a survey was made by one Mitchell and plat drawn, and the parties met at the store of the grantor to consummate the transaction. The record does not inform us what was the consideration to be paid for this two-acre tract. The justice of the peace, one Williams, was present for the purpose of writing the deed and taking the acknowledgments. He began to write the deed, when, according to his testimony, it was suggested by Mrs. Florence Booth that they sell appellees more of the land. Just here there is a sharp conflict in the testimony; the appellants insisting that when this occurred the justice had written a portion of the description in the deed, and that when the parties returned he continued their additional description from that point, and that this was doubtless the origin of the mistake. But the justice gives it as his best recollection that at that time he had only reached that point of the deed referring to the consideration, and through all his examination he adheres to this as his best recollection. The parties then agreed upon the price, and the grantor and one of the grantees, M. Cornelius, then went out to measure the land, and it is insisted by appellants that for this purpose they carried a stick which they first measured. No one accompanied these two parties. The grantor is dead, and the grantees are precluded by law from testifying to what occurred. Upon their return they gave the justice the consideration, which, of course, had been increased from the original agreement, and dictated, so he says, the description to him. To use some of the language of the witness: "Mr. Cornelius and Mr. Booth, when they came back, gave me what I put down. Mr. Booth and Mr. Cornelius instructed me to do this;

* * * they gave me specifications for the deed just as I wrote it."

When asked as to whether they dictated the description as from the beginning thereof or at some further point in the description, he states it as his best recollection that "it was at the beginning." He also states that the question as to this deed was mentioned to him by some of the parties soon after its execution, and these matters therefore were more deeply impressed upon his mind than under ordinary conditions. The witness had served as a justice of the peace (in his beat) for 20 years.

The original agreement seems to have been for a purchase of about two acres. This was changed by the parties; more land was included, the deed reciting six acres more or less, and the consideration increased. No one heard what took place between these parties when the new contract was made, and the appellants were forced to rely more or less upon many circumstances urged upon us by counsel. In cases of this character, the authorities are all in harmony as to the high degree of proof required, and there is no controversy between counsel as to the law. A court of equity, in the exercise of this jurisdiction, proceeds with the utmost caution, as it involves the invasion of a salutary rule of evidence prevailing at law and in equity.

"The burden in such cases is always on the complainant to show by evidence that is clear, exact, convincing and satisfactory that the written contract does not express the true agreement between the parties. * * * If the proof 'is uncertain in any material respect, it will be held insufficient.' "—*Hertzler v. Stephens,* 119 Ala. 333, 24 South. 521; *Hammer v. Lange,* 174 Ala. 337, 56 South. 573.,

[Booth, et al. v. Cornelius, et al.]

We have carefully examined the deed sent up for our inspection. We have given consideration to each circumstance urged by counsel, the stake standing in the southeast corner of the strip in dispute, the marks across the cotton rows testified to by Mrs. Booth, the testimony of the witness (son-in-law of the grantor) who states he saw the parties making the measurement and where they were, the point in the Sipsey Valley road where grantees first entered the field with the lumber and machinery, where the lumber was first placed by them, statements made by one of the grantees and those made in his presence, the survey and measurements of witness Mitchell, showing the different distances and the erasures in the deed. We have also considered the testimony, which furnishes much criticism, of the witness Nix, as well as that introduced to weaken that of Mr. Williams, the justice. The evidence has been carefully read the second time. That there may have been created some doubt and confusion in the judicial mind is not sufficient. The proof must be clear, convincing, and satisfactory.

We do not feel that a detailed discussion of the evidence or a criticism of any part thereof would subserve any good purpose. Suffice it to say that, after a most careful consideration of all the evidence in the case, we have reached the conclusion, as did the learned judge in the court below, that the appellants have failed to meet the burden as to the high degree of proof required in cases of this character, and that their bill of complaint was properly dismissed.

The decree of the court below is affirmed.

Affirmed.

MCCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.