(78 South. 923)

CAMPER v. RICE.   (8 Div. 75.)

(Supreme Court of Alabama.   May 9, 1918.)

1. REFORMATION OF INSTRUMENTS ⬦45(4)— MUTUAL MISTAKE—PROOF.

To reform a deed on the ground of mistake, it must be shown by clear, exact, and satisfactory proof that the mistake exists, and that the writing deviates from the intention and understanding of both parties at the time of its execution.

2. REFORMATION OF INSTRUMENTS ⬦36(1) — MUTUAL MISTAKE—PLEADING.

There must be great particularity of averment to authorize the reformation of a deed for mutual mistake.

3. PLEADING ⬦34(4) — CONSTRUCTION AGAINST PLEADER.

Although pleadings are to be construed most strongly against the pleader, yet the language used should be given a reasonable construction, and the pleading construed as a whole.

4. REFORMATION OF INSTRUMENTS ⬦36(3)— MUTUAL MISTAKE—PLEADING.

A bill for reformation of a deed on the ground that, "through a mistake" the land was incorrectly described, sufficiently alleged mutual mistake, where from the whole bill it appeared that the mistake averred was a mistake of both parties at the time of the execution of the deed, although the word "mutual" was not used.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Bill by S. D. Rice against Minnie B. Camp-

er to reform a deed. From a decree for complainant, respondent appeals. Affirmed.

Bill by appellee against appellant, seeking a reformation of a certain deed executed by the appellee August 19, 1916, to a certain lot situated in the city of Florence, Ala., a copy of said deed being made Exhibit B to the bill. Paragraph 3 of said bill is as follows:

"That complainant sold to defendant a certain tract of land located in Lauderdale county, Ala., described as follows, to wit: Part of lot 376 according to the original plan of the town of Florence, known as the part of Fannie Rice homestead lot, commencing on eastern boundary line of said lot on military road; thence in a westerly direction along military road for a distance of fifty feet; thence in a northerly direction to the north boundary line of said lot; thence in an easterly direction fifty feet, to the northeast corner of said lot; thence in a southerly direction to point of beginning."

In the fourth paragraph of the bill it is alleged that the complainant held title to the land described in the above paragraph by virtue of a deed executed by one Fannie Rice on December 7, 1885, which deed is made an exhibit to the bill. It is further alleged that this was the only lot to which he (complainant) had a fee-simple title, and the only lot he offered to sell defendant on the 19th day of August, 1916. In paragraph 5 it is alleged that on the 19th day of August, 1916, the attorney for respondent tendered to complainant a deed, a copy of which is made Exhibit B to the bill. That complainant glanced hastily over the deed, and did not observe that it failed to describe a conveyance of only 50 feet on military road; that in looking over the deed the description mentioned 50 feet, and he supposed the deed described the part of the tract, or lot of land, which he sold to respondent, as above described. Complainant further averred that he was unacquainted and unfamiliar with technical descriptions, and did not observe until recently that he had in fact conveyed to respondent 65 feet on military road instead of 50 feet, which he sold to her, and which she understood she was buying. It is then alleged that it was "through a mistake" that the deed be executed on August 19, 1916, conveyed to said respondent 65 feet on Wood avenue, and that said deed is erroneous and incorrect, and does not describe the lot sold to respondent. The sixth paragraph avers that the respondent understood she was only buying 50 feet on military road, and was buying the lot as described in paragraph 3 of the bill; that in pursuance thereof, the said respondent herself, or through her husband, staked off the lot described in paragraph 3 of the bill, and measured 50 feet on military road, starting at the eastern boundary of said lot and running west in a westerly direction 50 feet on military road; that "through a mistake," as above set out, the land described in Exhibit

B of the bill was incorrectly described, and the land sold, and intended to be conveyed, to respondent is as follows:

"Part of lot 276 (376) according to the original plan of the town of Florence, known as the part of Fannie Rice homestead lot, commencing on eastern boundary line of said lot on military road; thence in a westerly direction along military road for a distance of fifty feet; thence in a northerly direction fifty feet to the northeast corner of said lot; thence in a southerly direction to the point of beginning."

It is then averred' defendant understood she was buying the land last described. Paragraph 7 of the bill reads as follows:

"That complainant sold and defendant bought the land described in the third paragraph of the bill of complaint, but that the description in said deed of conveyance referred to in Exhibit B does not correctly describe the land actually sold."

The eighth paragraph contains an averment of an effort on the part of complainant to have the mistake corrected, and a refusal on the part of respondent to do so. The prayer is for a reformation of the deed (Exhibit B to the bill), in accordance with the averments of the bill.

The bill was demurred to upon numerous grounds; among others, that it fails to show any mutual mistake on the part of the parties to this cause; that if any mistake appears from the bill, it is a mistake only of the complainant, and it is not alleged to have been accompanied by fraud or inequitable conduct on the part of the respondent; nor does it appear there was any mutual mistake by the parties to the deed sought to be reformed; that the description in the third section of the bill is too uncertain and indefinite, and it cannot be clearly ascertained therefrom what property the complainant intended to sell, and the respondent intended to buy. It is not alleged what the intentions of the parties were at the time said deed was executed. For aught that appears the deed tendered by the respondent and executed by the complainant expressed the true intentions of the parties to said deed. The demurrer was overruled, and, from this decree, the respondent prosecutes this appeal.

Ashcraft & Bradshaw, of Florence, for appellant. R. T. Simpson, of Florence, for appellee.

GARDNER, J. Bill filed by appellee, seeking a reformation of a certain deed executed to the appellant on August 19, 1916, upon the theory that the property therein attempted to be conveyed was incorrectly described, as a result of a mutual mistake.

[1] The rule is well established in this state that, in the exercise of this jurisdiction, the court proceeds with utmost caution, as it involves the invasion of a salutary rule of evidence, and that before relief will be granted if must be shown by clear, exact, and satisfactory proof "that the mistake exists; that the writing deviates from the intention and understanding of both parties at the time of its execution." Campbell v. Hatchett, 55 Ala. 551. See, also, Hammer v. Lange, 174 Ala. 337, 56 South. 573; Turner v. Kelly, 70 Ala. 85; Guilmartin v. Urquhart, 82 Ala. 570, 1 South. 897; Hertzler v. Stevens, 119 Ala. 337, 24 South. 531; Keith v. Woodruff, 136 Ala. 443, 34 South. 911; 3 Mayf. 226, et seq.; 34 Cyc. 915–22.

There is no averment of fraud or inequitable conduct on the part of the respondent, and we are therefore here concerned only with the question of mutuality of mistake.

[2] We further recognize the rule that, in cases of this character, there is not only required very clear proof, but also great particularity of averment, to authorize the reformation of a written contract. Dexter v. Ohlander, 95 Ala. 467, 10 South. 527.

[3, 4] We are of the opinion that, while the bill may not be entirely free from criticism when viewed with a critical eye in the light of the strict rules required in cases of this character, yet it in substance has met ' the requirements of the rule, and was therefore not objectionable as against the assignments of demurrer interposed thereto. The rule is well settled that pleadings are to be construed most strongly against the pleader, yet as was said by this court in Warren v. Crow, 195 Ala. 568, 71 South. 92, the language used should be given a reasonable construction, and the bill of course construed as a whole.

The bill clearly shows the lot intended to be sold, and that intended to be purchased by the respondent; that the property as described in the third paragraph of the bill, and so intended to be sold, was the only lot to which the complainant had a fee-simple title. The bill further shows that this was the only lot complainant offered to sell to the respondent, and was so measured by respondent, or her husband for her, and that this was the lot which respondent understood she had purchased. It is then averred that the description in the deed is erroneous and incorrect; that "through a mistake" the land described in Exhibit B to the bill was incorrectly described.

It is insisted that the expression "through a mistake" should be construed as intended to mean only a mistake of the complainant, and not a mutual mistake of the parties. Standing alone under the rule of construction of pleadings against the pleader, there might be some merit in this insistence, but, as previously stated, all of the averments of the bill are to be considered, and the language used are to be given a reasonable construction. When this is done, we think it sufficiently appears, although the word "mutual" was not used, that the mistake here averred was a mistake of both parties at the time of the execution of the deed.

We are therefore of the opinion that the

decree overruling the demurrer should be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.