179 So. 232

**BURT et al. v. STEWART, Sheriff.**

**7 Div. 431.**

Supreme Court of Alabama.

Feb. 17, 1938.

Scott & Dawson, of Fort Payne, for appellants.

Haralson & Crawford, of Fort Payne, for appellee.

GARDNER, Justice.

The bill is by the administrator of the estate of R. A. Burt, deceased, seeking reformation of a deed executed by said Burt to his son, Grover C. Burt, in which there was a reservation to the grantor of three acres, which, it is insisted, was not described with sufficient certainty, the matter of reformation having reference thereto.

The bill alleges and the proof discloses, without dispute, there are debts of said estate with no assets of any character with which to pay, and a necessity for a sale of these three acres for that purpose. The bill's averments are more particularly set forth on former appeal (Burt v. Brandon,, 230 Ala. 85, 159 So. 691), where the equity of the bill was sustained.

The present appeal is from the final decree granting the prayer for reformation, and we are here concerned, therefore, only with the question of proof.

We are aware of the burden of proof resting upon complainant to establish his case for reformation by clear, convincing, and satisfactory evidence (Booth v. Cornelius, 189 Ala. 44, 66 So. 630; Greene v. Dickson, 119 Ala. 346, 24 So. 422, 72 Am. St.Rep. 920), but have concluded, after a careful study of the record, that the burden has been met. To discuss the evidence in detail would serve no useful purpose.

That all parties understood there was to be a reservation of the three acres to the grantor clearly appears, and that the deed correctly so recited is not, of course, questioned. Defendants insist, however, that any such reservation was to be for the life of the grantor only, and sought by cross-bill to have reformation to that extent. But we are not persuaded of the correctness of that contention, and the grantor's subsequent conduct in reference to these three acres serves to refute such insistence.

And as to the correct description, we think it clear enough that the survey made, and the description following, which the chancellor adopted in his decree, was in accord with the description intended to be inserted in the deed at the time of its execution,

and as then staked off by the grantor. It very satisfactorily appears also that the grantor retained possession and control of this particular strip during the remainder of his life, with no assertion by any one of any adverse claim or any realization of the imperfection in the description.

The delay in seeking reformation has worked no injury to any one, and the mere lapse of time, therefore, will not be permitted to stand in the way of relief. 53 Corpus Juris 997–1003, 1038. And the fact that this was a family matter, a deed from father to son, has been held to lessen the force and applicability of laches in this connection. 53 Corpus Juris 1003.

But we forego further discussion.

Upon due consideration, we are persuaded the decree is correct, and should be here affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.