Griffin, Ford, Caldwell & Ford, of Huntsville, for appellant.

31 So.2d 84

### SISK v. STATE ex rel. SMITH, Circuit Solicitor.

### 8 Div. 374.

Supreme Court of Alabama.

June 19, 1947.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for appellee.

**GARDNER, Chief Justice.**

The appeal is from a final decree condemning a Plymouth automobile claimed and owned by one Robert Sisk as having been illegally used for the transportation of prohibited liquors in Madison County, Alabama. That the automobile had been so used while being operated by the owner Sisk is established by the undisputed proof.

Though there are a number of assignments of error, each is referable to a single question raised by the defendant on this appeal—that is, the question of laches.

The automobile in question was found by the officers to be illegally transporting liquors and seized on July 13, 1946. It was delivered to Sisk, the claimant, as owner upon his executing bond as provided by Title 29, § 249, Code 1940. The petition in equity for a condemnation of the automobile was filed by the solicitor of Madison County, as provided by Title 29, § 248, Code 1940. But this petition was not filed until December 13, 1946, some five months after the seizure of the automobile. It is this delay of five months which the claimant insists constitutes laches such as to justify a denial of relief.

Section 248, supra, contemplates that the condemnation proceedings be instituted at once following the seizure of the automobile or vehicle, and we are cited by counsel to numerous authorities tending to show that a delay of five months does not come within the meaning of "at once", as noted in the above cited statute. Counsel note Thomas v. State, 241 Ala. 381, 2 So.2d 772, to the effect that this statute is highly penal and should be strictly construed; and a number of authorities are noted in the brief (among them 48 C.J.S. Intoxicating Liquors, § 397, p. 654; Patterson v. Missouri Pacific Ry. Co., 77 Kan. 236, 94 P. 138, 15 L.R.A., N.S., 733; Washington v. State, 86 Tex.Cr.R. 327, 216 S.W. 869; Continental Casualty Co. v. Ogburn, 175 Ala. 357, 57 So. 852, Ann.Cas.1914 D, 377; Oklahoma Vinegar Co. v. Hamilton, 132 Ala. 593, 32 So. 306), all of which counsel insists indicate that a delay of five months is far beyond the requirements of a statute which stipulates that the proceeding must be begun at once.

No occasion appears to have arisen for an interpretation by the court of the statute in this regard, but we may assume that a five months delay is not "at once" within the meaning of the statute. Nevertheless, it must be borne in mind that this proceeding is in the name of the State to enforce a public right and to protect the public interest.

Our statutes are rigid in regard to the enforcement of the prohibition law and the condemnation of property illegally used in the transportation of prohibited liquors. Though there may be authorities to the contrary, yet by the decided weight of authority the defense of laches is not available against the State in a suit by it to enforce such public right and interest. 30 C.J.S., Equity, § 114, pp. 526, 527. This principle was in effect recognized by this court in Jackson County v. Derrick, 117 Ala. 348, 23 So. 193, 198, wherein was made the following observation:

"It is a well-settled doctrine, resting not on notions of mere prerogative, but upon the weightiest considerations of public policy, that the state nor any of its governmental subdivisions, are not estopped by the laches of public officers."

There is here, of course, no applicable statute of limitations, and we are clear to the view the delay here shown in the institution of this suit worked no estoppel against the State in the enforcement of this provision of the prohibition law.

We may add, moreover, that it is difficult to answer the argument of counsel for the State that in any event any mere matter of delay, as here involved (the claimant immediately executing bond and taking possession of the car), could work no injury to claimant, citing Burt v. Stewart, 235 Ala. 330, 179 So. 232, and Waddail v. Vassar, 196 Ala. 184, 72 So. 14.

But, as the conclusion first herein announced upon the question of laches suffices for all purposes of this appeal, we need not

give consideration to this last noted insistence.

We find no error and the decree is due to be affirmed. It is so ordered.

Affirmed.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.