# Hand *v*. Cox.

## *Bill to Reform Deed.*

(Decided Jan. 13, 1910.—51 South. 519.)

1. *Reformation of Instrument; Grounds; Mistake.*—Where there was an actual agreement, but through mutual mistake the contract executed does not express the real intention of the parties, equity has jurisdiction to reform the written instrument.

2. *Same; Mistake and Fraud.*—Where, through the mistake. of one party accompanied by fraud or other inequitable conduct on the part of the other party, the contract does not express the true intent of the parties, equity will reform it.

3. *Same; Evidence; Mistake.*—In order to reform a written instrument on account of mutual mistake or for mistake and fraud, the evidence must show the mistake beyond reasonably controversy.

4. *Same; Understanding of vendor.*—The evidence in this case examined and held to show that the respondent vendor understood when the deed was executed that it was intended to convey a certain field on the public road as claimed by the vendee, and hence, the vendee was entitled to have the deed reformed.

5. *Same; Persons Entitled; Sale Through Agent.*—Where the vendor was familiar with the transaction leading to the sale as was his alleged agent in making the sale, and the agent informed the vendor what lands were pointed out to the vendee as included in the deed, and the vendor as well as the agent agreed that the deed would include certain lands, it is immaterial whether the alleged agent was in fact the vendor's agent in making the sale as affecting the vendee's right to have the deed reformed for mistake and fraud so as to include the land pointed out.

6. *Same; Deeds; Mistake and Fraud.*—Where the vendor knew or had good reason to believe that the deed did not include lands which he represented that it would and which the vendee believed was included, the vendor was guilty of such fraud as would entitle the vendee to have reformation of the description in the deed, just as in cases of mutual mistake.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by B. E. Cox against Thomas C. Hand to reform description in a deed on account of mistake and fraud. Decree for complainant and respondent appeals. Corrected and affirmed.

[Hand· v. Cox.]

FREDERICK G. BROMBERG, for appellant.—The complainant had an adequate remedy at law by abatement of the purchase money to the extent that he is injured, hence, the ·demurrer was good.—*Bridges v. McLendon,* 56 Ala. 327. There is no allegation of fraud in the bill and the case made is only one of mistake, and the rule to be applied is found stated in the following cases.— *Hough v. Smith,* 132 Ala. 204; *Moore v. The State,* 115 Ala. 582; *Alexander v. Caldwell,* 55 Ala. 522; *Berry v. Sowell,* 72 Ala. 17; 2 Pom. Sec. 869. See also the following cases, as to the burden of proof in such cases.— *Campbell v. Hatchett,* 55 Ala. 548; *Alexander v. Caldwell,* 55 Ala. 517, and authorities supra.

ELLIOT G. RICKARBY, for appellee.—It requires no citation of authority to demonstrate the correctness of the ruling of the trial court on the pleading. That his ruling was correct on the facts, see.—*Joseph v. Seward,* 91 Ala. 597; *Johnson v. Rodgers,* 112 Ala. 579; *Blackburn v. Perkins,* 138 Ala. 309.

EVANS, J.—1. The bill of complaint in this case was filed in the Mobile Chancery court, and sought the reformation of a deed·as to·the description of the lands therein conveyed. The equity of the bill and the right to have the deed reformed as to the description of the lands therein conveyed depend upon one of two propositions, either one of which, if properly alleged in the bill and clearly established by the evidence, entitles the plaintiff to the relief prayed for. · As said in Pomeroy's Equity (3d Ed.) § 1376: "Equity has jurisdiction to reform written instruments in but two well-defined cases: (1) Where there is a mutual mistake—that is, where there has been a meeting of minds, an agreement actually entered into but the contract. deed, settlement.

or other instrument, in its written form does not express what was really intended by the parties thereto; (2) where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining parties. In such cases the instrument may be made to conform to the agreement or transaction entered into according to the intention of the parties." So far as the bill of complaint in this case is concerned, from the facts alleged, it plainly appears either that there was a mutual mistake or that the complainant was mistaken and that there was fraud or other inequitable conduct on the part of the respondent in regard to the description of the land in the deed executed by respondent to complainant. It could make no difference which one may conclude to have been the fact from the allegations of the bill. The equity would be the same, and the relief to which complainant would be entitled would be the same. From the foregoing statement it will readily appear that the demurrer to the bill was without merit, and was properly overruled.

2. In cases of this kind, where equity will grant the affirmative relief of reformation, it requires that the evidence shall place beyond reasonable controversy the fact that such a mistake was made, and, until this is done, the writing must remain the sole expositor of the intent and agreement of the parties.—*Hinton v. Citizens' Mutual Ins. Co.*, 63 Ala. 488; *Turner v. Kelly*, 70 Ala. 85; *Campbell v. Hatchett*, 55 Ala. 548; *Tyson v. Chestnut*, 100 Ala. 571, 13 South. 763. Such is the case unless the mistake is admitted by the opposite party.— *Moore v. Ttate*, 114 Ala. 582, 21 South. 820. On an examination of the evidence in this case, we think it clearly appears that complainant understood that he was buying the land up to the public road, including the field known as the "old Joe Hall field," that in fact these

[Hand v. Cox.]

were the inducements which led him to make the purchase, and that he thought and understood that all this was included in the description of the land in the deed. All the evidence tends to show this—both the conversations had with respondent by him before and at the time of the sale and his conduct after the deed was executed and delivered to him. And it also clearly appears from the evidence that respondent so understood, from the fact that he knowingly allowed complainant to take possession of land up to the public road and do work thereon in fencing and clearing, and told the witness G. T. Dinwiddie, before any survey was made, but after the deed was executed to complainant and he had gone into possession, that he had sold, or that Cox, the complainant, had bought, the old field upon the road. It is true that after the survey respondent told the said Dinwiddie that he did not sell the old field to complainant; but this was after he found that the description in the deed did not include this land. It is immaterial in this case whether T. J. Wasdin was the agent of respondent or not. The whole evidence shows that respondent was as familiar with the lands as was Wasdin, and that Wasdin fully informed the respondent of what he had done, what lands had been pointed out, before the trade was consummated, and that respondent, as well as Wasden, agreed that the S. ½ of S. E. ¼ of the section would include the lands up to the road. It is also an undisputed fact that the east end of said subdivision was never examined or looked at by complainant. If respondent knew that the description did not include the land which he said it would, or had good reason to believe it did not, then on his part he was guilty of a fraud, or inequitable conduct, which would entitle the complainant to the same relief that a mutual mistake would have entitled complainant.

[Hand v. Cox.]

We are clearly convinced from the evidence that the plaintiff was entitled to the relief prayed for, and that the chancellor did not err in granting the same. On examination of the decree, however, we find that the description of the lands which is ordered to be substituted for those in the deed is indefinite and the lands incapable of ascertainment therefrom. We therefore here correct the description of the lands to be substituted in the said deed, which is an exhibit to the complaint and is mentioned in the said decree, so as to make said description in said decree read as follows: "The tract of lands in the south half of the south half of section 15, township 2 south, range 2 east, in Baldwin county, Alabama, fronting on the public road running through said section; the said public road bounding said lands on the west; said land being a quarter of a mile wide north and south, and running east from said public road the average distance of one-half mile; the line at the east end of said lands to a straight line running north and south; the southern boundary of said tract to correspond with the southern boundary of said section, and said tract to contain eighty acres." With the decree thus corrected, is is affirmed.

Affirmed.

Dowdell, C. J., and Anderson and Sayre, JJ., concur.