## Jones *v.* Johnston, *et al.*


### *Bill to Reform Deed.*

(Decided June 17, 1915. 69 South. 427.)

1. *Reformation of Instrument; Bill; Sufficiency.*—A bill alleging
that respondents pointed out and sold to complainants one tract of
land and fraudulently conveyed another and different tract of land,
and praying that respondents be compelled to convey the land ac-
tually sold, seeks an enforcement of the contract as made, and was
not demurrable as attempting to substitute a different tract for the
one sold.

2. *Same; Ground; Fraud.*—While fraud alone does not confer
equity jurisdiction, yet if equity obtain jurisdiction otherwise, it
will also grant relief by reforming a deed against fraud by which
a vendor substituted a different tract for that sold.

(Sayre and Thomas, JJ., dissent.)

APPEAL from Conecuh Chancery Court.
Heard before HON. W. R. CHAPMAN.
Bill by J. F. Jones against P. M. Johnston and an-
other to reform a deed. From a decree sustaining de-

murrers to the bill, complainant appeals. Reversed and rendered.

The bill alleges that along about December 13, 1912, P. M. Johnston came to complainant several times and proposed to sell him the following described lands, to wit: N. W. ¼ of S. W. ¼ of section 29, township 5, range 10, less 2¼ acres in the northwest corner of said N. W. ¼; also S. ½ of S. W. ¼ of N. W. ¼, section 29, township 5, range 10, and all the timber growing on the N. ½ of S. W. ¼ of N. W. ¼, section 29, township 5, range 10—and stated to the orator that he had a good house on the above-described land, which house had been recently burned, and for that reason he wanted to sell said land; that there was then about 38 acres of said land under fence and in cultivation; that P. M. Johnston showed this land to W. S. Jones, who was acting as agent for orator, and told him that it was the land he proposed to sell orator, and on these representations an agreement was reached whereby complainant was to give respondents $385 for the above-described lands and timber, and in accordance with the same complainant drew up a deed to said land by a description which said Johnston had furnished him, and gave it to Johnston to take home and have same signed by his wife. The next day Johnston brought the deed to the office of complainant, but it was another and different deed, describing different lands, and stated to complainant at the time that there was a mistake in the description of the land in the deeds drawn by complainant, and that this new deed did not make any change in the land in cultivation and under fence, but that it covered it all just as the deed conveyed it which had been drawn up by complainant. Relying on this statement by Johnston being honest, complain-

ant accepted said deed, and paid respondents the money as agreed, and was in possession of said S. E. ¼ of S. W. ¼ of N. W. ¼, section 29, township 5, range 10; and relying on the honesty and good faith of the defendants, complainant went upon said land and built a good and substantial house exactly on the spot or site where respondent's house was burned down. The house cost him between $200 and $300. Since building said house, complainant has learned that no part of this land, or practically none of the land in cultivation and under fence, is embraced in the deed which was signed by respondents, and that the spot on which the house was built is not embraced in said deed: that he has been to respondents and requested them to correct the deed according to the original agreement, which they refused to do, and if the deed is not corrected, so as to properly describe the land sold to and bought by complainant, he will be greatly damaged, as the respondents are wholly insolvent and unable to respond to a judgment in damages. It is further alleged that respondents were entirely familiar with the lands and the lines around the same, and knew that the complainant was not familiar with them, and with the wicked and corrupt purpose to swindle and defraud complainant they drew up or had drawn up a new deed, withholding from complainant, and they retaining title to, the lands which complainant had honestly bought and paid for.

HAMILTON & CRUMPTON, for appellant.

PAGE, McMILLAN & BROOKS, for appellee.

MAYFIELD, J.—(1) This appeal is from a decree sustaining a demurrer to a bill seeking the reformation of a deed. The reformation sought was to change the

description of the land, so as to make it describe the land sold. If the allegation of the bill be true, and on demurrer it must be so treated, the complainant was entitled to the relief prayed, and the chancellor erred in sustaining the demurrer thereto. The error into which the chancellor fell was in construing the allegation of the bill, to the effect that it sought to substitute for the tract of land sold another and different tract. The bill did not seek to do this; it only seeks to have the defendants convey the same tract of land which they sold. The bill in effect says: You sold me one tract of land, and by your fraud you conveyed me a different piece of land.

The prayer in effect says · I want the court of equity to compel the defendant to convey to me the piece of land which he sold to me. He sold me one piece and deeded me a different piece.

The chancellor treated the bill as averring that the deed conveyed the land sold, and that the bill sought to have the deed convey land not sold. The bill only sought to have the contract actually made enforced, and not to make a new or a different contract.

(2) The bill also alleges that this misdescription of the land sold was caused by the active and fraudulent act of the defendant. While this court has held that fraud alone does not confer equity jurisdiction, yet it has always held that, if equity has jurisdiction, it will relieve against fraud; and thus having jurisdiction to reform a deed, it will certainly reform it, where the need of reformation was superinduced by the fraud of the defendant.—*Hand v. Cox*, 164 Ala. 384, 51 South. 519. It follows that the decree of the chancellor must be reversed, and one here rendered overruling the demurrer.

Reversed and rendered.

[Brewer, et al. v. Kaul Lumber Co.]

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and GARDNER, JJ., concur.

SAYRE, J.—(dissenting).—On the averments of the bill, which the reporter will set out in substance, there is no doubt the complainant might have had an action for damages, as the chancellor held. Clearly, also, he might have rescinded the contract in toto and had compensation for the money paid and expended by him, with a lien. But it appears to me that by the decree here pronounced he will be allowed to impose upon the defendant a contract which the defendant did not intend to execute, and which he himself knew the defendant did not intend to execute. Without elaborating my reasons for this view of the case—they seem rather obvious to me—I state my opinion that the chancellor's decree was correct.

In this opinion Judge THOMAS concurs.