(107 So. 815)

## SNIDER et al. v. J. E. FREEMAN & CO.
### (8 Div. 814.)

(Supreme Court of Alabama.    March 18, 1926.)

1. **Reformation of instruments ⬤➾36(1), 45(8).**

Great particularity of averment and very clear proof is necessary to authorize reformation of a mortgage.

2. **Reformation of instruments ⬤➾16—Equity can reform mortgage as to real estate when by mistake or fraud it violates intention of parties.**

Court of equity can reform a mortgage as to real estate conveyed by it, when by mistake or fraud it is so drawn as not to fulfill or to violate intention of parties in their agreement as to real estate to be conveyed.

3. **Equity ⬤➾153.**

Bill in equity as amended must be construed as a whole and language used given a reasonable construction.

4. **Equity ⬤➾239.**

Averments of bill are admitted by demurrer.

5. **Reformation of instruments ⬤➾36(3)—Bill held to aver that mortgage was, by mutual mistake of parties or fraud of mortgagees, drawn to violate parties' intentions and to state cause of action for reformation.**

Bill averring that mortgage was prepared by mortgagee and covered different property than that previously agreed on held to sufficiently allege that it was, by mutual mistake of parties or by fraud of mortgagees, so drawn as to violate intentions of parties, and to state a cause of action for reformation of mortgage.

Appeal from Circuit Court, Lawrence County; J. E. Horton, Judge.

Bill in equity by H. S. Snider, Barclay W. Snider, and Willie Snider against J. E. Freeman & Co. From a decree sustaining a demurrer to the bill, complainants appeal. Reversed, rendered, and remanded.

G. O. Chenault, of Albany, for appellants.

The bill is sufficient, and not subject to the demurrer. Sloss Co. v. Board of Trustees, 30 So. 433, 130 Ala. 403; Carroll v. Henderson, 68 So. 1, 191 Ala. 248; Fair v. Cummings, 72 So. 389, 197 Ala. 131.

Sample & Kilpatrick, of Hartselle, for appellees.

A bill to reform a conveyance must aver facts, and show a mutual mistake by the contracting parties, or a mistake of one party, accompanied with fraud or other inequitable conduct of the other party. Holland Blow Stave Co. v. Barclay, 69 So. 118, 193 Ala. 200; Camper v. Rice, 78 So. 923, 201 Ala. 579; Dexter v. Ohlander, 10 So. 527, 95 Ala. 467.

⬤➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MILLER, J. This is a bill in equity filed by H. S. Snider and others against J. E. Freeman & Co. It was amended. The bill as amended seeks in the alternative to quiet title to certain five acres of land therein described, or to have a certain mortgage executed by complainants to the respondents on the five acres of land described canceled and marked satisfied on the ground that the mortgage debt had been fully paid, or, if mistaken in this, to have the mortgage reformed so as to cover and embrace the five acres of land, particularly described in the southwest corner of section 34, as agreed between the parties, instead of the five acres of land described in the southeast corner of section 33 of township 6, range 7, which appears in the mortgage.

The defendants, mortgagees, demurred to the bill. The court sustained by decree the twelfth ground of the demurrer, and this appeal is prosecuted by the complainants from that decree, and that decree is the error assigned.

[1, 2] The twelfth ground of demurrer is addressed to that part of the bill alleging and seeking a reformation of the mortgage as to the real property conveyed by it, so as to make it convey the land agreed on between the parties. This ground of demurrer challenges the sufficiency of the bill as to the right to have the mortgage reformed as to the description of the real estate therein because of mistake or fraud. Does the mortgage describe and convey the land intended to be placed therein by the parties under their agreement? Great particularity of averment as well as very clear proof is necessary to authorize the reformation of a mortgage—a written contract. A court of equity has jurisdiction to reform a mortgage as to the real estate conveyed by it when by mistake or fraud it is so drawn as not to fulfill or to violate the intention of the parties in their agreement as to the real estate to be conveyed. Campbell v. Hatchett, 55 Ala. 548; Dexter v. Ohlander, 10 So. 527, 95 Ala. 467.

It appears from the bill as amended that Barclay Snider, one of the complainants, purchased a pair of mules from the respondents for $550 on a credit, the other complainants agreeing to become surety for the debt. It is clear that complainants agreed with the mortgagees, the respondents, to give them a mortgage as security for this debt on their interest in "a certain five-acre tract of land in Lawrence county, Alabama, in the southwest corner of section 34, township 6, range 7, being thirty-three and one-third rods north and south and twenty-four rods east and west." The bill also clearly avers "that said mortgage did not cover the land which had been agreed upon," but that it "covered five acres of other land which lies joining the land above described and lying west there-

of, the ownership and title to which was the same as the land agreed to be mortgaged."

From these averments it is clear that the parties agreed and intended that the mortgage should describe the five acres in the southwest corner of section 34, and it should be security for this debt; but, contrary and in violation of the agreement, the five acres in the southeast corner of section 33 were placed in the mortgage instead of the five acres in section 34.

Were the wrong five acres placed in the mortgage by mutual mistake of the parties or by fraud of the defendants? The bill alleges:

"Said mortgage was prepared by the said J. E. Freeman & Co., or under their direction, and presented to complainants for signature, and the same was not prepared in the presence of the complainants, and they did not read it or hear it read, and it was represented to them at the time they signed the same that it was drawn covering the land as agreed upon. * * * And relying upon said representations * * * these complainants executed said mortgage. * * * That through error, oversight or mistake, or through fraud and misrepresentation said mortgage was drawn and complainants induced to sign same."

[3] It is true from these averments it does not directly appear that the false representations as to the description of the land in the mortgage were made direct by the defendants to the complainants; yet it is clearly averred the mortgage was prepared and drawn on these lands not intended and not agreed to be therein by the defendants, the mortgagees, or under their direction. It is also true that the word "mutual" is not used before the words mistake or error or oversight. But the bill as amended must be construed as a whole and the language used given a reasonable construction. When so construed, it is evident that the parties intended to place in the mortgage the five acres in section 34, and by mutual mistake of the parties or by fraud of the defendants, the mortgagees, who prepared or had prepared the mortgage, the five acres in section 33, instead of the five acres in section 34, were placed therein, and that the defendants were the ones who represented to the complainants at the time of its execution by them that the mortgage was drawn covering the land as agreed upon, which was false. Camper v. Rice, 78 So. 923, 201 Ala. 579; Holland v. Barclay, 69 So. 118, 193 Ala. 200.

[4, 5] So, under the averments of the bill as amended, if true, and they are admitted under demurrer, this mortgage was by mutual mistake of the parties or by fraud of the mortgagees so drawn as to violate the intentions of the parties in their agreement as to the real estate to be described therein as security for the debt. Authorities supra.

We are therefore of the opinion, and hold, that the decree of the court sustaining the

twelfth ground of demurrer to the bill as amended should be reversed, and that ground of the demurrer should be and is hereby overruled, and the cause is remanded.

The decree is reversed, one is here rendered overruling the twelfth ground of demurrer to the bill as amended, and the cause is remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.