(119 So. 214)

**McCASKILL et al. v. TOOLE.** (4 Div. 406.)

Supreme Court of Alabama. Dec. 20, 1928.

A. A. Smith, of Hartford, for appellants.

524

T. M. Espy, of Dothan, for appellee.

Brief of counsel did not reach the Reporter.

BOULDIN, J. The bill is for reformation of a deed to real estate in matter of description. The appeal is from a decree overruling demurrers to the bill.

The bill avers the grantor owned the southeast quarter of northeast quarter of a named section; that he sold to the grantees the merchantable timber thereon; that by oversight or mistake of the draftsman the land was described as southwest quarter of northeast quarter of the section; that the grantor did not own the described subdivision and did not contract to sell the timber thereon, but did agree to sell the timber on the subdivision owned by him.

These averments make a clear case of mutual mistake, a meeting of the minds of the parties in the sale of specified property, and a misdescription thereof in the deed as executed.

▪ Appellant conceives that the bill is defective in failing to show the draftsman was acting for both parties; that for all that appears he was the agent of the purchaser alone. Cudd v. Wood, 205 Ala. 682, 89 So. 52, is relied upon as authority. That case was fully distinguished from the present one in the later case of Parra v. Cooper, 213 Ala. 340, 104 So. 827.

Where an accord of minds is reached, and the document intended to express such agreement fails so to do by reason of the mistake of the draftsman, it is immaterial who employed him. His mistake was merely the occasion of the parties executing a paper not expressive of their common intent. No matter if one of them is the draftsman, the real concern is: Does it express the agreement of the parties? Parra v. Cooper, supra, and authorities there cited.

Cudd v. Wood, supra, has application where one of the parties has his agent to draw the document and, by the latter's mistake, it fails to express the true intent of his principal, but the other party accepts and executes the document as drawn. The instrument in such case expresses the contract contemplated by one party, but not by the other. There is no meeting of minds. In such case no reformation can be had. It may present a case for rescission.

▪ Appellant suggests the bill fails to show the grantor did not know of the error when he executed the deed; that so far as averred the grantor may have observed the mistake

in description and purposely executed it as it is. If so, he could not defeat reformation by inequitable conduct of that sort. It was not necessary to aver the grantor did not perpetrate a fraud. 2 Pom. Equitable Remedies, § 676, and note.

▪ It is now the settled rule in Alabama that a bill for reformation will not be stricken on demurrer nor dismissed for failure to make request of the grantor to correct the mistake before suit brought.

The bill will be retained, and if the respondent comes forward, admits the mistake, and corrects it, and it appears the bill was unnecessary, the complainant will be taxed with the cost. Robbins v. Battle House Co., 74 Ala. 499; Crawford v. Chatt. Sav. Bank, 201 Ala. 282, 78 So. 58; Burch v. Driver, 205 Ala. 659, 88 So. 902.

▪ If, as averred, the grantor had sold the merchantable timber on his lands, and he thereafter stopped the cutting by complainant, holding under his grantee, this was such denial of right under his deed as warranted the filing of a bill without prior demand and without liability for costs in case complainant is entitled to reformation.

▪ The bill need not negative the fact that no rights of third persons have intervened that would render inequitable or ineffective a reformation of the instrument. This is defensive matter.

▪▪ The grantee was Spann Hardwood Lumber Company, a partnership composed of three men. Complainant, J. E. Toole, claims by contract or deed in writing from the grantee. This writing grants all the title of the makers in the "timber deed or contract" made by the grantor, "and all of the timber described in said contract." Its terms of grant are sufficient to pass title to the timber. But it is signed in the name of the firm by one member who also signs individually; the name of another is signed by a third person as "proxy"; and the third is shown to have died, and the paper is signed by his executor.

The "proxy" is not shown to have any authority in writing to sign the name of the member he represented; nor is the executor shown to have any authority under the will or otherwise to execute a paper conveying the title of his testator.

The partners taking the legal title as tenants in common, the writing given this complainant, so far as shown by the bill, conveyed the legal title to only a one-third interest.

▪ Appellant challenges by demurrer the right of complainant to maintain the bill for want of a complete title.

This position is not well taken. Any one holding a legal or equitable interest in the property in privity with the grantor, in that the deed with misdescription is part of his chain of title, may maintain the bill for refor-

mation. True, he may not be entitled to have the full legal title vested in him, but he is entitled to have the original deed reformed to speak the truth of the transaction, as of its date. No question is here presented as to want of parties.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.