191 So. 618

### BALLENTINE v. BRADLEY et al.

### 8 Div. 985.

Supreme Court of Alabama.

Oct. 5, 1939.

Rehearing Denied Nov. 2, 1939.

Wm. L. Chenault, of Russellville, and A. H. Carmichael, of Tuscumbia, for appellees.

E. W. Godbey, of Decatur, for appellant.

GARDNER, Justice.

Statutory action of ejectment instituted in 1936 by appellant, E. S. Ballentine, against appellee Tennie Lee Bradley. For convenience, these parties will be designated as plaintiff and defendant, respectively. Recovery was sought of all that part of section 19, township 4, range 8, Lawrence County, Alabama, which lies in the north half of said section, and north of "Buck Bridge Road."

In March 1938, defendant presented her motion for a transfer of the cause to the equity side of the docket that she might obtain the benefit of an equitable defense to the action.

Plaintiff in ejectment relied upon a deed executed by defendant Bradley, and the equitable defense related to the matter of reformation of this deed as to the description of the land purported to be conveyed.

Following the rule of our decisions, which requires that a motion of this character shall state the equitable right or defense asserted with the same precision and certainty as is required to state such right in a bill of equity, the original motion as first amended was here held defective as inconsistent and repugnant, and the order of transfer was by writ of mandamus here reviewed and held subject to the demurrer interposed thereto. Ballentine v. Bradley, 236 Ala. 326, 182 So. 399.

The motion was again amended and proof had by way of affidavits, both in support and in contradiction of its averments. And upon consideration thereof, the chancellor entered an order of transfer, which plaintiff seeks here to annul by his petition for the writ of mandamus. The theory upon which defendant seeks a transfer of the cause, as set up in her motion and accompanying affidavits, is as follows: On September 30, 1935, a contract was duly signed by plaintiff and defendant for the sale by defendant to plaintiff of "450 acres, more or less," situated in Lawrence County, and south of "Town Creek and Sheffield Road," which contract appears in the report of the case. The above mentioned road is also known as the "Buck Bridge Road," and will hereinafter be so designated. The day following the execution of this contract, the sale was consummated, the deed signed and delivered, and the purchase price of $13,000 paid.

Defendant insists that when this deed was executed she had a diagram which indicated there were only twenty acres of land in section 19 north of Buck Bridge Road, and such was her understanding at that time.

The deed conveys "all of section 19, township 4, range 8, which lies in the north half thereof, except twenty acres which is north of Buck Bridge Road." But it subsequently developed there were more than thirty acres in said section 19 north of the Buck Bridge Road. Such being the case, the exception is void, and title to the entire section 19 passed by the deed. Mardis v. Burns, 222 Ala. 31, 130 So. 381; Swindall v. Ford, 184 Ala. 137, 63 So. 651.

This, defendant says, is contrary to the intention of the parties; that plaintiff viewed the land and was told the land to be sold was south of Buck Bridge Road, and that the written contract so designated it; that she had two separate tracts, the one north of said road contained 200 acres, more or less, and the place south of the road 450 acres, more or less, and that it was this latter place which she agreed to sell and plaintiff agreed to buy at the sum of $13,000; that the mistake in the description arose from the use of government numbers by the draftsman, who was acting in that capacity for the plaintiff, in the supposition there were only 20 acres in section 19 north of the road.

■ Such a mistake is not, as suggested, a mistake of law. The law but made the mistake one of serious consequence. It was a mistake of fact nevertheless in assuming and believing there were only twenty acres in section 19 north of Buck Bridge Road.

Defendant further says the draftsman, who was an attorney, was in that capacity representing plaintiff, the purchaser, and is corroborated by two affidavits which were offered in evidence. This was denied by plaintiff, and by the affidavits he offered.

■ Much stress is laid upon this feature of the proof. But if in fact the parties had agreed upon a sale of the land which only was located south of the Buck Bridge Road, and that no land north of this road was sold or intended to be sold, mutuality of the mistake was made to appear, and it would be immaterial whom the draftsman represented, nor would it be fatal to relief even if defendant herself had written the deed. The following from McCaskill v. Toole, 218 Ala. 523, 119 So. 214, expresses this thought: "Where an accord of minds is reached, and the document intended to express such agreement fails so to do by reason of the mistake of the draftsman, it is immaterial who employed him. His mistake was merely the occasion of the parties executing a paper not expressive of their common intent. No matter if one of them is the draftsman, the real concern is: Does it express the agreement of the parties?" See, also, 53 Corpus Juris 948.

And defendant's further theory is that the sale was of the place south of Buck Bridge Road, as pointed out to plaintiff, and sold as a body of land containing 450 acres, more or less, and for a lump sum and not by the acre. That under these circumstances no survey to ascertain the acreage was contemplated, the words "more or less" indicating that both parties assumed the risk of any ordinary discrepancy. Hill v. Johnson, 214 Ala. 194, 106 So. 814; 18 Corpus Juris 289. And defendant offers in her motion to do equity. 53 Corpus Juris 1016.

■ Perhaps the question of agency would be material under plaintiff's theory of the case, for he insists he was to get 450 acres out of 650 acres, which was one body of land; that the land in section 19 north of the Buck Bridge Road was necessary to be included to give him the proper acreage, and he accepted the deed as thus written and relied thereon—the written contract having been disregarded. Under these circumstances, if the draftsman was defendant's agent only, and it was by his mistake the deed did not correctly express defendant's intention, relief by way of reformation must be denied for a want of mutuality of mistake. Cudd v. Wood, 205 Ala. 682, 89 So. 52; McCaskill v. Toole, supra; 53 Corpus Juris 948. This distinction is clearly made in McCaskill v. Toole, supra, and needs no elaboration.

■ True, there was some delay on defendant's part in presenting her motion. But she explains this delay by saying she had no knowledge of the mistake, and it was only after the suit had been filed for some time that she discovered the error, and thereupon moved for a transfer of the cause. Nor does it appear plaintiff has been prejudicially affected. And it is clear enough under defendant's theory no mere question of delay presents any obstacle to relief. 53 Corpus Juris 967.

■ It is argued that the mistake, if any, was due to defendant's own negligence, and relief should be denied on that ground. Defendant, it is evident, was in much haste to close the deal on that very day, and perhaps prudent business methods would have called for a survey or some verification of the map, which she says misled both her and the draftsman as to the matter of description.

■ But the highest possible care is not demanded. As said by Mr. Pomeroy in 2 Pom.Eq.Jur., section 856, "Even a clearly established negligence may not, of itself, be sufficient ground for refusing relief, if it appears that the other party has not been prejudiced thereby"—a statement which this Court approvingly quoted in Kinney v. Ensminger, 87 Ala. 340, 6 So. 72. And in Gralapp v. Hill, 205 Ala. 569, 88 So. 665, the negligence that would bar relief is referred to as "culpable and injurious negligence." Mr. Pomeroy's further observation, that "the neglect must amount to the violation of a positive legal duty," is approved. See, also, Cudd v. Wood, supra, and 53 Corpus Juris 974. Under the rule of these authorities, de-

fendant is not barred of relief by any matter of negligence.

Among other authorities cited by plaintiff, which have been examined, are Holland Blow Stave Co. v. Barclay, 193 Ala. 200, 69 So. 118, and Nunnally Co. v. Bromberg & Co., 217 Ala. 180, 115 So. 230, dealing with bills in equity for reformation of instruments stressing the high degree of proof required in cases of this character.

But this is a mandamus proceeding to review the ruling of the court transferring the cause to the equity docket for trial on its merits as to the equitable rights which defendant asserts. The hearing on the motion is not res adjudicata on the issue of equitable right or defense. Indeed, after the transfer, the movant in presenting his bill may bring in new parties. Shamblee v. Wilson, 233 Ala. 164, 170 So. 769. True the chancellor may consider affidavits on the issue of fact upon determining the right of transfer on the motion to that end. But this was a precautionary provision to prevent the interposition of such motions for the mere purpose of delay. It was not intended that the hearing on the motion should serve as a substitute for the consideration of the cause upon its full merits, when full cross examination of the witnesses is to be had. "This ex parte hearing is to determine whether the ends of justice will probably be promoted by a transfer, or by a denial of such motion. * * * While mandamus of this sort is appellate in character, affording a remedy where no appeal is available, it is only to be granted upon a clear showing of error in the trial court to the injury of petitioner." Whitten v. Sheffield Land Co., 233 Ala. 580, 173 So. 48, 49.

It is clear enough no manifest error has been made to here appear in the order of transfer, and such is the applicable rule in matters of this nature. As last amended, we consider the motion free from objections interposed thereto by way of demurrer, and sufficiently sustained by the proof to justify the order.

It follows, therefore, that the mandamus writ is due to be denied. It is so ordered.

Writ denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.