2 So.2d 425

GREAT ATLANTIC & PACIFIC TEA CO. v. ENGEL REALTY CO.

6 Div. 790.

Supreme Court of Alabama.

May 22, 1941.

J. L. Drennen, of Birmingham, for appellant.

238

Kenneth Perrine and Frank Bainbridge, both of Birmingham, for appellee.

GARDNER, Chief Justice.

The final decree, from which this appeal is prosecuted, reformed a one year written lease of a store house owned by Minnie Norris, so as to eliminate therefrom a clause reserving to the defendant lessee the right of cancelation upon thirty days' notice. The lease was prepared by the lessee, as had been the custom, and in the two previous years the lessee Tea Company (to so abbreviate) had inserted this same cancelation clause. Objection was each time interposed and the clause eliminated. It was again inserted in this last lease, the one here in question and the lease forwarded to the agent Engel Realty Company for execution.

The proof for complainant is to the effect the Realty Company at once notified the Tea Company this clause was objectionable and its elimination was a prerequisite to the signature of the owner of the property, and that it was readily agreed between Mendel for the Realty Company and Black for the Tea Company that the clause be stricken from the lease. Mendel stamped out other objectionable clauses and was of the opinion he had likewise eliminated this clause. But it developed he had negligently failed to do so and returned the lease to Black with no change in that respect.

■ If in fact it was agreed between these parties that, before signing, the lease should stand corrected by eliminating this clause, and by inadvertence this was neglected, the contract did not express the true intentions of the parties and it was subject to reformation as for a mutual mistake. Ballentine v. Bradley et al., 238 Ala. 446, 191 So. 618; Atlas Assur. Co. v. Byrne, 235 Ala. 281, 178 So. 451.

The Realty Company made no discovery of the mistake until receipt of notice of cancelation. Thereupon followed conversations with Black. These conversations are reasonably to be understood as containing implied admissions on the part of Black that the agreement was as insisted by complainant and that a mutual mistake had occurred. And the conversation between Mendel and Black some one or two months just preceding his cancelation letter clearly indicated that at that time Black was not aware of complainant's mistake in failing to void this clause. Though Black makes a rather categorical denial in his direct depositions, yet in answers to specific questions on cross examination as to these conversations his oft repeated reply was "I do not recall". The Realty Company acknowledged its error to the owner, paid to her the rent for the balance of the entire term of the lease and took an assignment of the lease together with all her rights in the matter and has therefore prosecuted the suit in its own name.

■ We are, of course, mindful of the salutary rule of caution to be observed in cases of this character and of the high degree of proof required, the burden resting upon complainant to establish his case for reformation by clear, convincing and satisfactory evidence. Burt v. Stewart, 235 Ala. 330, 179 So. 232. Federal Land Bank v. Williams, 237 Ala. 318, 186 So. 689.

■ Defendant well knew the owner's unwillingness to execute a one year lease containing this cancelation clause. For two successive years preceding this same question had arisen and the clause eliminated pursuant to her positive requirement. The evidence for defendant consists of the deposition of Black, its official, which, as has been indicated, is most evasive and unimpressive. On the other hand the testimony of the two witnesses for complainant is clear, positive and to the point, and supported by all the surrounding circumstances. Upon a careful study of the proof we find ourselves fully persuaded the complainant has met the high degree of proof required and that the decree of reformation as for a mutual mistake was correctly rendered.

Defendant lays stress upon Greil v. Tillis, 170 Ala. 391, 54 So. 524. But the facts in that case are in no manner analogous to those here presented, and of consequence that authority can serve no useful purpose here as a precedent.

■ It is further argued that complainant should be denied relief by reason of its own admitted negligence in failing to stamp out the objectionable clause. But the just and equitable rule in such cases takes account of the frailties of human nature, and the highest possible care is not demanded. Indeed in some of our cases the negligence that would bar relief is referred to as "culpable and injurious negligence", and we have approved Mr. Pomeroy's observation that "the neglect must amount to the violation of a positive legal duty". Under the rule of these authorities we think it clear enough complainant is not to be barred of relief by any matter of negligence. Ballentine v. Bradley, supra [238 Ala. 446, 191 So. 622].

■ Upon the question of pleading little need be said. The real essence of the right of reformation appears to be found in paragraph 6 as amended. The rule is, of course, recognized which requires particularity of averment in cases of this character; but our cases are to the effect the rule does not call for a strained and unreasonable construction of the language used or undue refinement or nicety of pleading. Christopher v. Goode, 226 Ala. 338, 146 So. 881.

■■ The bill is to be construed as a whole and given a reasonable and not unnatural construction. So considered the bill, with particular reference to the aver-

240

ments found in paragraph 6 as amended, sufficiently meets the requirements of our rule of pleading.

Under the facts as we find them to be, a reformation was clearly due upon the theory of a mutual mistake, and no necessity existed for the alternative averment injected into paragraph 6 as amended. It would seem, therefore, that as such alternative averment could in no manner here affect the result a consideration thereof on the pleadings would be unnecessary.

But that aside, the alternative averment is in the language of the statute (Section 6825, Code of 1923, Code 1940, Tit. 9, § 59), and we think is sufficient as a matter of good pleading. American-Traders' National Bank v. Henderson, 222 Ala. 426, 133 So. 36; Ikard v. Empire Guano Co., 233 Ala. 579, 173 So. 87; Hand v. Cox, 164 Ala. 348, 51 So. 519; 23 R.C.L. 331; 53 C.J. 949–951.

The case of Copeland v. Keller, 221 Ala. 533, 129 So. 571, cited by defendant, concerned an endorser of a note who had no part in the agreement of the parties thereto, and is therefore without influence upon the instant case.

Upon the whole we conclude the decree is correct and due to be here affirmed. It is so ordered.

Affirmed.

THOMAS, BROWN, and LIVINGSTON, JJ., concur.