44 So.2d 576
CLIPPER et al. v. GORDON et al.
I Div. 286.

Supreme Court of Alabama.
Jan. 19, 1950.

Rehearing Denied March 9, 1950.

Jesse F. Hogan and M. F. Dozier, of Mobile, for appellants.

430

Caffey, Gallalee & Caffey, of Mobile, for appellees.

LAWSON, Justice.

This is an appeal from a final decree in equity reforming the description in a deed, and the decree overruling demurrer to the bill is also assigned as error.

The bill was filed by Miss Mary B. Jackson and Robert Gordon, as executor of the last will and testament of Miss Dora Jackson, deceased, against Frank L. Clipper and Ruby M. Clipper. Since the appeal was taken and prior to submission to this court Miss Mary B. Jackson has died. As to her, the cause has been revived in the name of Robert Gordon, as executor, and Elizabeth Revel, as beneficiary of the estate of Miss Mary B. Jackson.

There is no averment of fraud or inequitable conduct on the part of respondents. Complainants base their right to equitable relief on the theory of mutual mistake.

It is well established that a court of equity in this state has jurisdiction to reform a written instrument so as to make it conform to the intention of the parties when through a mutual mistake of the parties, their intention is not expressed. Hand v. Cox, 164 Ala. 348, 51 So. 519; Bagley v. Bagley, 206 Ala. 232, 89 So. 739; McKleroy v. Dishman, 225 Ala. 131, 142 So. 41; Beason v. Duke, 246 Ala. 387, 20 So.2d 717.

We recognize the rule, as noted by appellants' counsel, requiring great particularity of averment in bills of this character, Amberson et al. v. Patterson et al., 227 Ala. 397, 150 So. 353, and cases cited; but our cases are to the effect that the rule does not call for a strained and unreasonable construction of the language used or undue refinement or nicety of pleading. The bill is to be construed as a whole and its wording given a reasonable and not unnatural construction. Warren v. Crow,

195 Ala. 568, 71 So. 92; Eastis et al. v. Beasley et al., 214 Ala. 651, 108 So. 763; Camper v. Rice, 201 Ala. 579, 78 So. 923; Snider v. J. E. Freeman & Co., 214 Ala. 295, 107 So. 815; Christopher v. Goode, 226 Ala. 338, 146 So. 881; Phoenix Chair Co. v. Daniel, 228 Ala. 579, 155 So. 363.

The bill in this case avers, in substance, (1) that the Misses Jackson, whom we will refer to as complainants below, entered into a written contract with the Clippers, respondents below, for the sale and purchase of a piece of land and the improvements thereon described in the contract simply as 366 South Lawrence Street in the City of Mobile, Alabama; (2) that an error was made in the description contained in the deed whereby more property was included than the parties to the contract contemplated; (3) that this error of description was made by the Misses Jackson.

While the bill does not specifically aver that a mutual mistake was made, and in fact does aver that the mistake in description was made by the grantors, the Misses Jackson, nevertheless we think that under our decisions mutuality of mistake appears from the averments of the bill.

The rule of our cases is that a court of equity will assume jurisdiction to reform a deed to real estate in the matter of description where there has been an accord of the minds of the grantor and grantee as to the property to be conveyed, but because of a mistake of the draftsman, the property described in the deed is more or less than the parties intended. Trapp and Hill v. Moore and Border, 21 Ala. 693; Alexander et al. v. Caldwell et al., 55 Ala. 517; Dozier v. Mitchell, 65 Ala. 511; Berry v. Webb, 77 Ala. 507; Houston v. Faul, 86 Ala. 232, 5 So. 433; Dulo v. Miller, 112 Ala. 687, 20 So. 981; Traylor et ux. v. Clayton et al., 205 Ala. 284, 87 So. 521; Parra v. Cooper, et al., 213 Ala. 340, 104 So. 827; McCaskill et al. v. Toole, 218 Ala. 523, 119 So. 214; Waller v. Mastin et al., 220 Ala. 479, 125 So. 806; Ballentine v. Bradley et al., 238 Ala. 446, 191 So. 618; City of Oneonta v. Sawyer, 244 Ala. 25, 12 So.2d 82.

Where the bill avers, as does this bill, that the parties had agreed upon the sale of a specific piece of property, and through a mistake in the description, more or less property than agreed upon is included in the deed, mutuality of the mistake is made to appear; it matters not whom the draftsman represented or that one of the parties wrote the deed. In this connection it is said in Ballentine v. Bradley et al., supra, as follows:

"Defendant further says the draftsman, who was an attorney, was in that capacity representing plaintiff, the purchaser, and is corroborated by two affidavits which were offered in evidence. This was denied by plaintiff, and by the affidavits he offered.

"Much stress is laid upon this feature of the proof. But if in fact the parties had agreed upon a sale of the land which only was located south of the Buck Bridge Road, and that no land north of this road was sold or intended to be sold, mutuality of the mistake was made to appear, and it would be immaterial whom the draftsman represented, nor would it be fatal to relief even if defendant herself had written the deed. The following from McCaskill v. Toole, 218 Ala. 523, 119 So. 214, expresses this thought: 'Where an accord of minds is reached, and the document intended to express such agreement failed so to do by reason of the mistake of the draftsman, it is immaterial who employed him. His mistake was merely the occasion of the parties executing a paper not expressive of their common intent. No matter if one of them is the draftsman, the real concern is: Does it express the agreement of the parties?' See, also, 53 Corpus Juris 948." 238 Ala. 450, 191 So. 621.

When such averments appear in a bill of this character it is not necessarily deficient because it is not specifically averred in the bill that the mistake was mutual. Camper v. Rice, supra; Phoenix Chair Co. v. Daniel, supra; Snider v. J. E. Freeman & Co., supra.

It is contended that the bill shows that the mistake in the description was due to complainants' own negligence and that the ground of demurrer taking that point

should have been sustained. We cannot agree.

In Ballentine v. Bradley et al., supra, we said:

"But the highest possible care is not demanded. As said by Mr. Pomeroy in 2 Pom.Eq.Jur., section 856, 'even a clearly established negligence may not, of itself, be sufficient ground for refusing relief, if it appears that the other party has not been prejudiced thereby'—a statement which this court approvingly quoted in Kinney v. Ensminger, 87 Ala. 340, 6 So. 72. And in Gralapp v. Hill, 205 Ala. 569, 88 So. 665, the negligence that would bar relief is referred to as 'culpable and injurious negligence.' Mr. Pomeroy's further observation, that 'the neglect · must amount to the violation of a positive legal duty,' is approved. See, also, Cudd v. Wood, supra [205 Ala. 682, 89 So. 52], and 53 Corpus Juris 974. Under the rule of these authorities, defendant is not barred of relief by any matter of negligence." 238 Ala. 450, 191 So. 621.

■ Mutual mistakes are always the result of some negligence but that will not defeat reformation where it is plain there was no fraud or overreaching by anybody. If mere negligence were a defense in this kind of action, there would be no ground for reformation because of mutual mistake, as mistake nearly always presupposes negligence. Home Owners' Loan Corp. v. Bank of Arizona, 54 Ariz. 146, 94 P.2d 437; Taylor v. Burns et al., 250 Ala. 218, 34 So.2d 5.

We come now to consider the question as to whether or not under the evidence in this case the trial court is correct in its final decree reforming the description in the deed.

■ The burden of proof in such a case as this is upon the party seeking reformation to show a mutual mistake by evidence that is clear, satisfactory, and convincing; that the intention and agreement he would substitute in the instrument was that of both parties to such instrument and was not so incorporated by reason of mutual mis-

take. Hill v. Harding, 233 Ala. 343, 172 So. 98; Burt v. Stewart, 235 Ala. 330, 179 So. 232.

In Hall v. Hubbard et al., 215 Ala. 653, 112 So. 235, the rule is stated in the following language:

"Courts of equity proceed with great caution in granting this form of relief where the alleged error or mistake is denied. A written instrument recognized and required by law as the memorial of a transaction in real estate, when duly executed on the part of the grantor and accepted by the grantee, becomes strong, primary evidence of the real transaction, not to be varied or questioned in collateral proceedings.

"In a direct proceeding to reform the instrument, the evidence of mutual mistake must be so clear and convincing that, having due regard to all the presumptions in favor of the instrument, the court is nevertheless reasonably satisfied the deed does not bespeak the true intention of the parties; that both parties understood the transaction alike, and the deed is at variance with this mutual intention.

"Special reason for caution arises where the evidence of mistake rests wholly in parol. But the remedy of reformation is well recognized in equity, and rests upon a strong basis of justice. Human experience is that mistakes do occur. That one party should suffer and the other reap a reward as the result of a mutual mistake should be disfavored. Without such remedy a party thus finding himself in a position of vantage would be the more tempted to wrong the other." 215 Ala. 654, 112 So. 236.

■ The evidence in this case was taken *ore tenus* before the trial court. Hence, there is a presumption in favor of the correctness of the trial court's finding of fact.

■ We do not think it would serve any useful purpose to set out the evidence in detail. We have examined it carefully and are of the opinion that the complainants below met the burden which was upon them to show clearly and convincingly that

the parties had agreed upon the sale and purchase of the premises known as 366 South Lawrence Street in the city of Mobile, and that through a mistake in the description the deed covered not only No. 366 but 364 South Lawrence Street.

In fact, the description in the deed called for all the property owned by the complainants below situate in the northwest corner of the intersection of South Lawrence Street and Charleston Street. The evidence shows beyond any peradventure of doubt that such was not the intention of the parties and that the Clippers did not expect to have No. 364 South Lawrence Street conveyed to them.

The fact that there was no agreement as to the exact dimensions of 366 South Lawrence Street does not deprive the complainants of the right of revocation. The description used in the contract shows a meeting of the minds of the parties as to the identity of the property, although no exact dimensions were agreed upon. The description used in the contract is one of those descriptions which may be aided by parol, and comes within the maxim, "That is certain which can be made certain." Nolen v. Henry, 190 Ala. 540, 67 So. 500, 502, Ann.Cas.1917B, 792; Sadler v. Radcliff, 215 Ala. 499, 111 So. 231; Reynolds et al. v. Shaw, 207 Ala. 274, 92 So. 444; Homan v. Stewart, 103 Ala. 644, 16 So. 35; Sikes v. Shows, 74 Ala. 382; Head v. Sanders, 189 Ala. 443, 66 So. 621.

Although we hold that complainants have shown sufficiently that the deed sought to be reformed contains more property than the parties intended, as a result of a mutual mistake, we do not think the evidence is sufficiently clear as to the dimensions of No. 366 South Lawrence Street to authorize reformation.

The decree of the trial court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

BROWN, FOSTER, and STAKELY, JJ., concur.