This case clearly and convincingly presents a situation in which there was a mutual mistake as to the section number given in the mortgage. See, Great Atlantic Pacific Tea Co. v. EngelRealty Co., 241 Ala. 236, 2 So.2d 425 (1941). After reviewing the entire transcript of the testimony in this case, I am convinced that both sides intended a mortgage on property in Section 19 rather than in Section 9. Clearly, the plaintiffs had no intention of accepting a mortgage on property the defendants did not own. Further, the testimony unequivocally shows that the defendants intended to mortgage property they thought they owned and on which their houses were to be built.
The majority opinion states that the mistake in this case could have been "unilateral, because of the fact that Lucy and Mary Fleeton neither discussed nor read the instruments." Alabama law is well settled that where
 "a party, having the ability to read and understand an instrument, fails to do so, and signs it without reading it, he cannot avoid the obligations embodied in the instrument by pleading ignorance of its contents." *Page 1245 
Century Plaza Co. v. Hibbett Sporting Goods, Inc., 382 So.2d 7,8 (Ala. 1980). The majority opinion appears to allow Lucy and Mary Fleeton to avoid the obligations of this agreement because they neither discussed nor read the instruments. This is in direct contradiction to Alabama law on this point. See,Courington v. Birmingham Trust National Bank, 347 So.2d 377
(Ala. 1977); Grady v. Williams, 260 Ala. 285, 70 So.2d 267
(1954).
The majority opinion also appears to rest its determination, in part, on the fact that the instruments "had been drawn by Jim Walter Homes earlier for their [the defendants'] signatures." I am of the opinion that this fact is irrelevant as to the issue of mutual mistake. This Court has held that it is immaterial that the draftsman of the instrument was an employee of one of the parties. "[T]he real concern is: Does it express the agreement of the parties?" McCaskill v. Toole,218 Ala. 523, 524, 119 So. 214 (1928). I am convinced that, as to the section number, the agreement does not express the intent of either party.
The sole justification for the outcome in this case is that there was evidence presented from which the trial judge could have determined that there was fraud in the transaction which, under well-settled equitable principles, would have justified denial of reformation of the instrument. In Clipper v. Gordon,253 Ala. 428, 44 So.2d 576 (1950), this Court stated: "Mutual mistakes are always the result of some negligence but that will not defeat reformation where it is plain there was no fraud oroverreaching by anybody." (Emphasis added.) 253 Ala. at 432,44 So.2d 576. In this case, there was evidence from which the trial court could have found that the plaintiff fraudulently changed the acreage in the deed and the mortgage. There was also evidence of fraud in the signatures on the documents. Thus, I would affirm the trial court on the basis of fraud in the entire transaction which justifies denial of the equitable remedy of reformation.