E.L. Johnson, the stepfather of the plaintiff, Ada Vernell Daniels, executed a deed of gift to Ms. Daniels of the interest that Mr. Johnson had inherited from his sister *Page 260 
Bernice Wessner, in certain real property in Escambia County, Alabama. The property was described by governmental subdivisions (being a portion of Section 14, Township 1 North, Range 8 East) and by metes and bounds. Four separate parcels were specifically excluded by metes and bounds descriptions, from the general governmental subdivision descriptions. Ms. Daniels brought suit to reform the legal description in the deed from Mr. Johnson to Ms. Daniels to include two five-acre tracts that were specifically excluded in the deed to Ms. Daniels. There is evidence that Mr. Johnson inherited an interest in Sections 12, 13, and 14, Township 1 North, Range 8 East, Escambia County, Alabama, from the estate of his sister Ms. Wessner. However, the mistake alleged in the complaint was the failure of the scrivener to include the two five-acre tracts in Section 14, that were specifically described in the complaint, within the description of the property conveyed to Ms. Daniels by Mr. Johnson. Mr. Johnson had died before this suit was filed.
The defendants are the children of Mr. Johnson, who inherited the disputed property as his heirs at law.
The parties filed motions for summary judgments, with supporting affidavits, exhibits, and the deposition of the scrivener of the deed that Ms. Daniels seeks to reform. The parties also stipulated that the case was presented to the trial court for a determination on the merits. The trial court granted the defendants' motion for summary judgment; denied Ms. Daniels's motion for summary judgment; refused to reform the deed; and held that the defendants, as heirs at law of Mr. Johnson, were the owners of the two five-acre tracts excluded from the description in the deed to Ms. Daniels. Ms. Daniels appeals.
Justice Steagall, writing for a division of this Court inPowell v. Evans, 496 So.2d 723, 725 (Ala. 1986), wrote:
 "The general rule in Alabama is that a court may exercise its equitable powers to reform a deed to make it conform to the intention of the parties. Clemons v. Mallett, 445 So.2d 276 (Ala. 1984); Pinson v. Veach, 388 So.2d 964 (Ala. 1980); Clipper v. Gordon, 253 Ala. 428, 44 So.2d 576
(1950). One ground for reformation of a written instrument is mutuality of mistake. Clemons v. Mallett, supra; Original Church of God, Inc. v. Perkins, 292 Ala. 283, 293 So.2d 292 (1974). Regarding mutuality of mistake, this Court in Palmer v. Palmer, 390 So.2d 1050, 1053 (Ala. 1980), said: 'Although a deed in terms expresses the intention of the parties, if there is a material mistake as to the property to which those terms apply, such as to its identity, situation, boundaries, title, amount, value, and the like, a court of equity may grant appropriate relief.' "
Even so, there is a presumption arising from the deed itself and supporting it as the true agreement. Jim Walter Homes, Inc.v. Phifer, 432 So.2d 1241 (Ala. 1983); Marengo Abstract Co. v.Hooper Co., 174 Ala. 497, 56 So. 580 (1911); 66 Am.Jur.2dReformation of Instruments, § 117 at 643 (1973). Therefore, the burden is on Ms. Daniels, who is seeking the reformation, to prove her entitlement to reformation of the deed by clear, convincing, and satisfactory evidence. Jim Walter Homes, Inc.v. Phifer, supra; Great Atlantic Pacific Tea Co. v.Engel Realty Co., 241 Ala. 236, 2 So.2d 425 (1941).
This Court in Hammer v. Lange, 174 Ala. 337, 339-40,56 So. 573 (1911), wrote:
 "The cases in which instruments may be reformed are: 'First, where there is a mutual mistake — that is, where there has been a meeting of minds, an agreement actually entered into, but the contract, deed, settlement, or other instrument, in its written form, does not express what was really intended by the parties thereto; and, second, where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining parties. In such cases, the instrument may be made to conform to the agreement or transaction entered into, according to the intention of the parties.' — 4 Pom.Eq.Jur. (3d Ed.) § 1376, p. 2725." *Page 261 
There is no allegation or proof of any fraud or other inequitable conduct on the part of Mr. Johnson, so this deed of gift can be reformed only if there was a mutual mistake.
Without a determination as to the legality of some of this evidence, the following is all of the evidence relating to the agreement entered into by Mr. Johnson and Ms. Daniels.
Ms. Daniels's affidavit:
 "In June of 1979 [Mr. Johnson] called me and said he was going to make a will and leave everything to myself, my brother Donald, and my stepbrother Latrannah, who was a child by my stepfather and my mother. In July of 1979 he called back and said he had changed his mind and was going to leave everything to me. . . . He executed a will . . . on July 20, 1979. In December of 1979, my stepfather called me and said that he wanted to deed me his interest in the Bernice Wessner estate and reserve a life estate to himself and his wife. . . . I knew that my stepfather had told me that he was going to deed me all of his interest in the Bernice Wessner Estate. . . . When my stepfather called me in December of 1979, he told me that he wanted me to have all of his interest in the Bernice Wessner Estate after he and his wife died."
Letter from Exxon Company U.S.A. (attached to Ms. Daniels's affidavit):
 "The E.L. Johnson Estate received an interest in Sections 12, 13, and 14, Township 1 North, Range 8 East, Escambia County, Alabama from the estate of Bernice Wessner. The deed [from Mr. Johnson to Ms. Daniels] described 139.5 acres in Section 14. . . .
". . . .
 "The description in deed does not purport to convey the entire interest of E.L. Johnson in the estate of Bernice Wessner."
Letter from E.L. Johnson dated January 8, 1980 (attached to Ms. Daniels's affidavit):
 "I E.L. Johnson, Being of sound mind, I am giving Vernell my inheritance from my Sister Bernice. I am doing this Because I love her. She is my daughter. I want her to have it as a gift from me after I am Dead. E.L. Johnson."
Deposition of Douglas P. Cushing, scrivener of the deed sought to be reformed:
 "[Mr. Johnson] wished to have me prepare a deed that would convey any and all interest that he might receive in that estate [Wessner] to Mrs. Daniels. . . .
 "His instructions were that any interest he had in that estate should be conveyed to Mrs. Daniels. . . .
 "He made it clear that any interest he had in that estate was to be conveyed to Mrs. Daniels."
Cushing was not certain how he obtained the legal description that he put in the deed. Initially, he thought that Mr. Johnson furnished him with the legal description. Later, he thought that either he or Ms. Daniels had obtained this description. Regardless of how Cushing obtained the legal description, after the deed was prepared it was mailed to Mr. Johnson, who executed it and had his signature acknowledged before a notary public and then returned the deed to Cushing without any comment about the legal description.
The will of E.L. Johnson executed on July 20, 1979 (attached as an exhibit to Cushing's deposition) contains the following pertinent provision:
 "I give and bequeath to my wife, ROSA BELL JOHNSON, for and during her natural life, in the event she survives me, all of the income proceeds from interest, dividends, and other benefits derived or realized from all oil, gas or other mineral rights in all royalties or stock that I now have or may hereinafter have in Exxon Company, U.S.A., or from any other oil or mineral company, received from or through my deceased sisters, VIRGINIA JOHNSON and BERNICE JOHNSON WESSNER, or from their estates, giving and granting unto said wife the use and benefit of all income therefrom during her lifetime, with remainder over, at her death, to my step-daughter ADA VERNELL DANIEL, absolutely and in fee." *Page 262 
Also attached to Cushing's deposition are Alabama property record cards for property owned by Bernice S. Wessner (deceased) in Sections 12, 13, and 14 of Township 1 North, Range 8 East. The property assessed to Ms. Wessner in Section 14 is the same as that described in the deed from Mr. Johnson to Ms. Daniels.
Ms. Daniels seeks to have the deed reformed to include two five-acre tracts in Section 14 that were specifically excluded from the deed. There is no proof in the record that Mr. Johnson owned either of those tracts or any interest therein. There is no proof in the record that Ms. Wessner owned either of them during her lifetime. All of the evidence would indicate that Ms. Wessner did not own those two tracts. There is in the record evidence that Mr. Johnson acquired an interest in property in Sections 12 and 13 from Ms. Wessner's estate that was not included in the deed from Mr. Johnson to Ms. Daniels, but Ms. Daniels does not seek to reform the deed to add those tracts of land.
Since the only evidence presented relating to the question whether the legal description in the deed was correct was that Mr. Johnson wanted to convey to Ms. Daniels what Mr. Johnson inherited from Ms. Wessner's estate, and since there was no evidence to show that Mr. Johnson received from Ms. Wessner's estate any interest in either of the two tracts that Ms. Daniels seeks to have included in the reformed legal description, Ms. Daniels has not met her burden of proof, for she has failed to prove by clear, convincing, and satisfactory evidence that she was entitled to have the deed reformed to add the two five-acre tracts in Section 14. Jim Walter Homes,Inc. v. Phifer, supra.
It is not necessary for us to address the issue of whether Mr. Johnson intended to convey to Ms. Daniels by deed all the real property rights that he inherited from his sister, Ms. Wessner. Mr. Johnson's oral statement preceding the preparation of the deed indicated that he did. However, either Mr. Johnson supplied the legal description of this property to Cushing, or Cushing or Ms. Daniels obtained that legal description and forwarded the proposed deed of gift containing that description to Mr. Johnson, who executed this deed without comment about the description being underinclusive. Mr. Johnson could have changed his mind, as the evidence shows he often did, from the time he discussed the deed of gift with Ms. Daniels and Cushing, until he executed the deed. Ms. Daniels would have had no legal right to require Mr. Johnson to convey any property to her.
For some unexplained reason, Mr. Johnson's last will and testament was not probated; and Ms. Daniels does not purport to claim any right to the property inherited by Mr. Johnson from Ms. Wessner under this will.
Because of the deference we extend to trial courts, we will affirm a judgment appealed from if it is supported on any valid ground, even though that was not the ground assigned by the trial court. Maryland Casualty Co. v. Tiffin, 537 So.2d 469
(Ala. 1988); Smith v. Equifax Services, Inc., 537 So.2d 463
(Ala. 1988); Tucker v. Nichols, 431 So.2d 1263 (Ala. 1983).
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.