[No. 14421. In Bank. — March 26, 1892.]

## L. G. GOODRICH, APPELLANT, *v.* G. A. LATHROP, RESPONDENT.

VENDOR AND PURCHASER — CONTRACT OF SALE — MISTAKE OF FACT — VIEW OF WRONG LOT — RESCISSION. — Where a person, knowing that another has a lot for sale, goes to examine it, with a view to purchase, but by mistake of fact views the wrong lot, and contracts to purchase without knowledge of the mistake, such person may rescind the contract upon discovery of the mistake, if the property can be returned by the vendee in substantially the same condition as when he received it.

ID. — CONSTRUCTION OF CODE — RESCISSION FOR MISTAKE — RESTITUTION TO "SAME POSITION." — Section 3407 of the Civil Code, forbidding rescission to be adjudged for mere mistake, "unless the party against whom it is adjudged can be restored to substantially the *same position* as

if the contract had not been made," employs the words "same posi-
tion" with reference to the subject-matter of the contract, and its
requirements are fully satisfied if the property can be returned in sub-
stantially the same condition as when he received it.

ID. — DEPRECIATION IN VALUE OF LAND PURCHASED. — The right of a
vendee, under a contract for the purchase of land, to rescind the con-
tract and to recover the money paid thereunder upon restoring pos-
session of the land purchased in substantially the same condition as
when he received it, upon the ground that the contract was executed
through a mistake of fact, is not defeated by the fact that the land had
largely depreciated in value between the making of the contract and
the rescision.

ID. — EQUITABLE COMPENSATION. — If in equity and good conscience the
vendor in such a case is entitled to any relief from the vendee by rea-
son of the mistake of the vendee, the court has full power to award
compensation therefor, under section 3408 of the Civil Code.

ID. —NEGLIGENCE OF PURCHASER — FINDING — "NEGLECT OF LEGAL DUTY"
— CONCLUSION OF LAW — OMISSION TO FIND FACTS. — Where the ven-
dor, in the answer to the complaint for rescission, sets out various facts
and circumstances tending to show that the mistakes of the purchaser
in viewing the wrong lot and in making the contract, as alleged in the
complaint of the purchaser, were occasioned by her own negligence, a
finding by the court that "these mistakes were caused by the neglect
of a legal duty on the part of the plaintiff" is not a finding of fact upon
such allegations, but is a conclusion of law, and the failure of the court
to make any other finding thereon is error, for which a judgment in
favor of the vendor will be reversed.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*C. E. Sumner*, for Appellant.

*H. B. Westerman*, for Respondent.

GAROUTTE, J. — This is an action by a vendee to re-
scind a contract of sale of realty, and to recover money
paid thereunder, upon the ground that the contract was
executed through a mistake of fact.   Judgment went for
defendant, and this is an appeal from the judgment and
order denying a new trial.   Plaintiff, knowing that de-
fendant had a certain lot for sale, went to examine the
same, with a view to purchase, but by mistake looked at
a different lot from the one defendant had for sale.   She

did not see defendant's lot, but the one she viewed being satisfactory, and believing it to be the lot defendant had for sale, she entered into a written contract of purchase with defendant, the description in said contract being for defendant's lot. Later, upon ascertaining her mistake, she gave notice of rescission and brought this action thereunder. Defendant, by his answer, conceded the mistake, but set out many facts tending to show negligence upon her part in viewing the wrong lot, and also claimed that the lot had largely depreciated in value since the making of the contract, and that consequently he could not be placed *in statu quo*. Under the authority of *Barfield* v. *Price*, 40 Cal. 542, these facts present ample ground for rescission of the sale, unless the defenses set out by the answer are sufficient to defeat it. As to these defenses the court found "that said mistakes were caused by the neglect of a legal duty on the part of plaintiff," and also that " defendant cannot be restored to substantially the same position as if the contract had not been made," and upon these findings rendered judgment for defendant. Section 3407 of the Civil Code provides: " Rescission cannot be adjudged for mere mistake, unless the party against whom it is adjudged can be restored to substantially the same position as if the contract had not been made." The words "same position," found in the section, are used with reference to the subject-matter of the contract, and the fact that the market value of the property may have depreciated while out of the possession of the vendor does not defeat the vendee's right of rescission. If the property can be returned by the vendee in substantially the same condition as when he received it, then the requirements of this section of the code are fully satisfied. If in equity and good conscience the vendor is entitled to any relief from the vendee by reason of her mistake in the premises, then section 3408 gives the court full power to do what justice may require in the nature of compensation. As has been previously noted, the defendant set out various facts and circumstances tending to show that the

mistake of plaintiff was occasioned by her own negligence. In response to these allegations of the answer, the court made the single finding that "these mistakes were caused by the neglect of a legal duty on the part of plaintiff." Conceding that the facts set out by the answer in this regard constitute a good defense to the action, which question we do not decide, yet the finding of the court is a conclusion of law, and can only be considered as such. It follows that there are no findings of fact made by the court upon this defense, and we are unable to determine upon what fact or state of facts this conclusion was based.

Let the judgment be reversed, and the cause remanded for a new trial.

DE HAVEN, J., McFARLAND, J., PATERSON, J., SHARPSTEIN, J., and HARRISON, J., concurred.