[Civ. No. 3141.   Third Appellate District.—November 3, 1926.]

FOREST LAWN MEMORIAL PARK ASSOCIATION (a Corporation) et al., Respondents, v. MRS. C. S. DE JARNETTE, Appellant.

[1] CEMETERIES — INTERMENT OF CAUCASIANS — VALID LIMITATION.— A rule of a cemetery corporation limiting interments to persons of the Caucasian race is valid.

[2] ID.—EXECUTORY CONTRACT WITH NEGRO—MISTAKE OF FACT— EQUITY—RESCISSION.—Where a cemetery corporation has in force a rule limiting interment to persons of the Caucasian race and it enters into an executory written contract by the terms of which it agrees to sell a cemetery lot to a member of the negro race, without knowledge that said purchaser is not of the Caucasian race, such mistake of the plaintiff is one of fact, and a material one, and constitutes a ground for a court of equity to rescind and cancel the apparent contract as written, and to place the parties *in statu quo.*

[3] ID.—MUTUAL MISTAKE—FRAUD—RESCISSION.—It is not necessary that a mistake of fact be mutual; nor is it true that a contract cannot be set aside for the mistake of one of the parties unless the contract was induced and the mistake arose from the fraud of the other party.

[4] ID.—COMPLETENESS OF CONTRACT—REFERENCE TO RULE LIMITING BURIAL RIGHTS.—Where an executory. written contract for the sale of a cemetery lot provides that the premises are "to be conveyed to and accepted by the purchaser subject to the rules and

---

2.  See 4 Cal. Jur. 783; 4 R. C. L. 506.

4.  See 6 Cal. Jur. 320.

regulations now in force and such as may hereinafter be adopted," and at the time of execution of said contract, and at all times, the cemetery corporation has in force a rule limiting interment to persons of the Caucasian race, such rule is a part of the contract, notwithstanding a provision in the contract that it "contains and embodies all the terms and conditions to be performed by the parties hereto."

(1) 11 **C. J.**, p. 63, n. 16.   (2) 9 **C. J.**, p. 1167, n. 73.   (3) 13 **C. J.**, p. 612, n. 19.   (4) 11 **C. J.**, p. 63, n. 16.

APPEAL from a judgment of the Superior Court of Los Angeles County.   George H. Cabaniss, Judge Presiding.

The facts are stated in the opinion of the court.

Willis O. Tyler for Appellant.

Kemp, Partridge & Kemp and Mitchell, Silberberg & Davis for Respondents.

FINCH, P. J.—The defendant Mrs. C. S. De Jarnette, who will be referred to as the defendant, has appealed on the judgment-roll alone from the judgment herein in favor of the plaintiffs.

The Forest Lawn Memorial Park Association is a cemetery corporation.   The defendant is of the negro race.   November 26, 1921, the association and the defendant entered into an executory contract by the terms of which the former agreed to sell to the latter one of its cemetery lots "for interment purposes only."   The contract contained the following provisions: "Said premises to be conveyed to and accepted by the purchaser subject to the rules and regulations now in force and such as may hereafter be adopted governing said Memorial Park and its care funds. . . . This agreement shall not be assigned by purchaser without the written consent of seller thereto. . . . It is expressly agreed that this contract contains and embodies all the terms and conditions to be performed by the parties hereto; that any promise, representation or agreement not embodied herein is expressly waived unless reduced to writing and signed by an officer of the seller, and attached to this agreement."

The court found that, at the time the contract was executed and at all times since, the association had in force and effect

a rule "that no interment of any body or the ashes of any body other than that of a human being of the Caucasian race should be permitted in the said Forest Lawn Memorial Park"; that the defendant, at the time the contract was executed, did not have actual knowledge of the existence of such rule, "but that the defendant did have constructive knowledge" thereof "by reason of the matters set forth in the contract"; that the association "had no knowledge that the said defendant was a negro or that she was not of the Caucasian race" and "would not have entered into the said contract had it been advised as to the truth or had it known that the said defendant was of the negro race; that the plaintiff did not discover that the defendant belonged to the negro race and was not of the Caucasian race until the twenty-third day of November, 1922, and that immediately thereafter the plaintiffs notified the defendant that they elected to cancel said contract of November 26th, 1921, and tendered to the defendant in gold coin of the United States all the moneys which she had theretofore paid to them, or either of them," with interest thereon, "but said defendant refused to accept the same and the plaintiffs thereupon paid the same into this court for the use of the defendant; that the said defendant . . . demanded that she be allowed to make an interment of a member of her family in the said lot, the said body so proposed to be interred being the body of a negro; . . . that if the said defendant is allowed to bury the body of a person of the negro race in said plot, the said action will cause great and irreparable damage to the plaintiffs and their property by depreciating the same and causing the owners of lots of land which have been purchased to cancel their said contracts and will depreciate the value of the property belonging to the plaintiff to an extent which cannot be estimated and which is incapable of estimation"; that the contract "was entered into by the parties thereto by mutual mistake of fact and that said contract would not have been signed by either party thereto had the facts been known with reference to the rules and regulations governing the said Forest Lawn Memorial Park and had the facts been known by the plaintiff of the nationality and race to which the defendant belonged; . . . that the consent of the plaintiff, Forest Lawn Memorial Park Association, was obtained and given to the said contract by

the said mistake of fact.'' Judgment was entered on the findings, canceling the contract and directing the clerk to pay to the defendant the money deposited in court for her by the plaintiffs.

[1] The rule limiting interments to persons of the Caucasian race is valid. (*Los Angeles Investment Co.* v. *Gary,* 181 Cal. 680 [9 A. L. R. 115, 186 Pac. 596].)

[2] Appellant's main contention is that the mistake found by the court was not mutual, but that one party was mistaken as to one fact and the other as to another fact, and that therefore the plaintiffs were not entitled to a rescission. It is clear that the mistake of the plaintiff was one of fact and a material one. ''Where a contract in writing is executed by only one of the parties, under a mistake as to a fact which is of the essence of the contract, the mistake constitutes a ground for a court of equity to rescind and cancel the apparent contract as written, and to place the parties *in statu quo.* (9 C. J. 1167; 4 R. C. L. 506; Elliott on Contracts, sec. 112.) The same rule is statutory in this state. (Civ. Code, secs. 1577, 1689, 3406 and 3407.) [3] ''It is not necessary that a mistake of fact should be mutual. . . . Nor is it true . . . that a contract cannot be set aside for the mistake of one of the parties unless the contract was induced and the mistake arose from the fraud of the other party.'' (*Moore* v. *Copp,* 119 Cal. 429, 436 [51 Pac. 630, 633]; *National Bank of California* v. *Miner,* 167 Cal. 532, 535 [140 Pac. 27]; *Palace Hardware Co.* v. *Smith,* 134 Cal. 381, 384 [66 Pac. 474, 476]; *Goodrich* v. *Lathrop,* 94 Cal. 56 [28 Am. St. Rep. 91, 29 Pac. 329].) A different rule applies to a mistake of law. (Civ. Code, sec. 1578.)

[4] Appellant contends that she had a right to rely upon the provision that ''this contract contains and embodies all the terms and conditions to be performed by the parties hereto.'' The answer is that one of the terms of the contract provides: ''Said premises to be conveyed to and accepted by the purchaser subject to the rules and regulations now in force and such as may hereafter be adopted.'' By such reference the rules and regulations were made a part of the contract. (6 Cal. Jur. 320.)

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.