[Civ. No. 7993. Third Dist. Nov. 29, 1951.]

J. W. WOOD et al., Respondents, v. WALTER METZENBAUM et al., Appellants.

Walter Metzenbaum in pro. per. and Newell & Chester for Appellants.

John F. McCarthy for Respondents.

ADAMS, P. J.—Appellants, defendants and cross-complainants in the trial court, have appealed from "the order and judgment . . . dismissing the Cross-Complaint" of defendants. That judgment of the court was entered against them

after they failed to amend their cross-complaint to which a demurrer had been sustained with leave to amend.

Plaintiffs instituted the action, and defendants filed their cross-complaint, alleging therein that plaintiffs, in August, 1943, agreed to purchase from them certain lands described in the complaint for $125,000, a down payment of $50,000 having been paid, the balance to be paid during a period of five years, same secured by a deed of trust on the land in favor of defendants. It was further alleged that the land sold was leased to Standard Oil Company of California, the lease reserving to the lessors a royalty of one eighth, of which royalty one third was reserved to defendants; that plaintiffs took possession of the land, farmed it with great profit and received their two thirds of the royalty; that in May, 1945, plaintiffs began this suit against them, charging that in the transaction of sale defendants acted as plaintiffs' agents, and that the royalty reserved to defendants was their compensation for acting as such agents. They then alleged:

"That thereupon it was manifested that the minds of the said defendants and the plaintiff had never met and that, *if* the claim of the plaintiffs that said defendants acted as agents of plaintiffs to purchase the said land for them, was well founded and true, that a *mutual mistake* had taken place and had been made by plaintiffs and said defendants as to facts material to the contract of sale and purchase and that no actual contract had been made between plaintiffs and said defendants.

"That defendants were induced to convey the lands to plaintiffs because they believed that they were making, as they intended to make, an outright sale of the land to plaintiffs together with two thirds of said one eighth royalty and defendants never did accept and never would have accepted employment from plaintiffs as agents to purchase the land for plaintiffs as plaintiffs contend and allege in this law suit against defendants. A *mutual* mistake was made between the parties as to the conveyance of said land and the contract of purchase of August 19, 1943, and the minds of the parties never met and no contract of sale or purchase of said land, outright or as agents of plaintiffs, was ever made or consummated and the defendants elect to rescind the grant deed conveying said land to plaintiffs from defendants and to rescind the notes and deed of trust to secure same given by plaintiffs to defendants as part purchase price of said land and to rescind the conveyance and sale of said land to plaintiffs by defendants." (Italics added.)

Cross-complainants then declared that they were willing to restore to plaintiffs everything of value which they had received from them, to pay plaintiffs for betterments, taxes, etc., with interest, less profits earned by plaintiffs and royalties received by them; and that there was pending in the Superior Court of Sacramento County a suit brought by defendants to rescind the sale on the ground of mistake, which action they would ask to have consolidated and tried with the instant cause. They prayed for a dismissal of plaintiffs' action and a judgment of rescission and of cancellation of the notes of plaintiffs not yet paid, as well as the deed of trust, upon payment by defendants of the amount decreed to be paid by them to plaintiffs after a full accounting.

The demurrer filed by plaintiffs as cross-defendants was based upon insufficiency of the cross-complaint to state a cause of action, and upon the ground that the cross-complaint demonstrated that there was another action pending between the parties for the same cause.

The complaint of plaintiffs is not included in this record on appeal, which record consists of the cross-complaint, the demurrer thereto, the judgment of dismissal of the cross-complaint, a memorandum opinion of the trial court, a minute order which allowed cross-complainants 15 days to amend their cross-complaint, the notice of appeal, and a request for clerk's transcript. No final judgment of the trial court in the action was asked for in the request to the clerk, but on its own motion this court has had same added to the record.

The final judgment, which was dated November 18, 1949, ordered that both plaintiffs and defendants take nothing; and while the present notice of appeal was filed January 17, 1950, it does not purport to appeal from that judgment, but from the order and judgment dismissing the cross-complaint filed on June 4, 1948.

A prior appeal from that judgment and order was taken in July, 1948, and this court dismissed same on the ground that the order appealed from was not a final judgment from which an appeal could be taken. See *Wood* v. *Metzenbaum,* 90 Cal.App.2d 533 [203 P.2d 105]. On the face of the present record, this appeal does not differ from the one dismissed.

However, in view of the fact that a final judgment has now been entered in the action, and assuming that appellants intended to appeal therefrom, and for the purpose

of terminating the litigation, we shall give consideration to the contentions of cross-complainants.

The gist of the cross-complaint, as stated by the trial court in its opinion, is:

"Cross-complainants state they were the owners of the land involved; that they sold it to the plaintiffs; that because an action has been filed by plaintiffs claiming that they, cross-complainants, were agents for them to purchase the land for them, thereby a mistake exists which entitled them to rescission."

And the conclusion of the court was:

"It is true that a rescission can be had on the mutual mistake of the parties, or of one of the parties; but in the instant cross-complaint cross-complainants neither allege a mutual mistake, nor a mistake on their own part.

"The cross-complainants claim that they were actually the owners of the land and conveyed the same to the plaintiffs. They claim no injury by reason of such fact, or that they were damaged in any way by such conveyance. But, they now assert, that if, as plaintiffs claim, they were really agents, then they seek rescission. In other words, they depend upon the plaintiffs' cause of action on which to base rescission. In other words, if plaintiffs sustain their cause of action that cross-complainants were agents, then cross-complainants seek rescission because they themselves believed they were acting as principals."

Appellants first contend that their pleading is not a cross-complaint, but a counterclaim, and, as such, not demurrable. It is apparent from the record before us that this is a belated or second thought on appellants' part since throughout the record the pleading is referred to as a cross-complaint; and as it seeks affirmative relief against plaintiffs it comes within the definition of a cross-complaint, as set forth in Code of Civil Procedure, section 442. Accordingly, it will be dealt with as such, as it was in the trial court.

Appellants' remaining contention is that it states a cause of action for rescission on the ground of "mutual mistake." But the allegations of the pleading are not that there was a mistake by both parties, but that "if" the claim of plaintiffs that defendants acted as agents of plaintiffs is well founded then a mutual mistake occurred. They do not assert that there was actually a mistake on their part. They merely assert that the parties differed as to

the nature of the transaction. ■ A "mutual" mistake is one made by both parties as to the same proposition. ■ Because one or the other may have been mistaken does not constitute mutuality of mistake; and does not constitute ground for rescission for mutual mistake. See *Harding* v. *Robinson,* 175 Cal. 534, 541-542 [166 P. 808]; *Miller* v. *Lantz,* 9 Cal.2d 544, 548 [71 P.2d 585].

■ Appellants cite *Forest Lawn M. P. Assn. v. De Jarnette,* 79 Cal.App. 601 [250 P. 581], *Goodrich* v. *Lathrop,* 94 Cal. 56 [29 P. 329, 28 Am.St.Rep. 91], and *National Bank of Calif.* v. *Miner,* 167 Cal. 532 [140 P. 27), as holding that in order to justify a rescission a mistake need not be mutual. However, in those cases the mistakes upon which the respective parties relied were their own, and not those of the other party. Here cross-complainants argue for rescission, not because of any mistake on their part, but because of a mistake by plaintiffs. Furthermore, they pleaded a "mutual mistake" and not a unilateral one; and the final judgment of the trial court determined that plaintiffs' contention that defendants were acting as their agents was not true, since relief to plaintiffs was denied.

We are satisfied that defendants did not state a cause for rescission on their cross-complaint, and that, since they declined to amend, dismissal of their cross-complaint was justified.

Judgment affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.