The facts of this case are set out in this court's earlier opinion at 513 So.2d 1020 (Ala. 1987), wherein we reversed and remanded for a new trial. It would serve no useful purpose to recite the evidence in detail in this opinion; however, we will set out enough facts for a clear understanding of the issues raised.
Mabel Jones, Louise J. Riker, Ralph H. Riker, and Harold L. Riker (appellants), filed a complaint against Randall Henderson and Katrina Henderson (appellees), seeking money damages and requesting injunctive relief to restrain the Hendersons from blocking or otherwise denying access to a right-of-way that the plaintiffs claim they were entitled to, either by deed or by adverse possession. The Hendersons denied the material allegations of the complaint and filed a counterclaim alleging that a dispute existed over the correct boundary between the parties. The Hendersons also claimed damages for the appellants' alleged trespass, and for mental distress.
In February 1986, the trial judge conducted an ore tenus hearing. At the hearing, the testimony showed that the disputed strip of property was originally used, as early as 1940, for access to a sawmill located on Sam Jones's property, but several witnesses testified that the strip of property had not been used as a right-of-way since the sawmill closed in the early 1940's. The Hendersons testified that the strip of property is part of their backyard and that they have maintained the property as such. They testified that they have used one end of the property for the parking of cars and have planted grass and flowers on it, piled firewood on it, and placed a swing on it. Other witnesses testified that the appellants had continuously used the strip of property since 1948. The appellants claimed to have used the disputed strip of property as often as five or six days a week during the summer months for access to their property.
Several weeks after the hearing, the trial judge visited the disputed strip of property, without giving the appellants' attorney notice or an opportunity to be present, but the attorney for the Hendersons was present when the trial judge viewed the property. After viewing the property, the *Page 91 
trial judge entered an order denying the appellants the relief they requested, and then issued an order setting the boundary between the parties' properties. The court ordered James McGinnis, a registered surveyor, to locate and place monuments fixing the boundaries of the parties' lands in accordance with his order. The court further ordered the appellants to remove a fence they had placed across the Hendersons' property and to do so within 30 days from the date of the order.
This Court reversed and remanded the cause to the trial court because the trial judge had violated a fundamental requirement of due process by failing to provide the appellants' attorney an opportunity to be present when he inspected the disputed property.
Upon remand, the appellees filed a motion for the court to again view the property in dispute. The appellants filed a motion with this Court in an attempt to protect their rights after reversal and remand. This Court treated the motion as an application for rehearing and denied it as being untimely filed.
In the case on remand, after giving notice and after hearing argument from both attorneys, the judge again went to the disputed property, this time with the appellants' attorney and an official court reporter. The judge allowed appellants' counsel ample time to argue his position and to point out any physical evidence, including monuments, on the subject property.
On November 20, 1987, the trial judge filed an order that made the same finding of fact contained in the previous order of June 17, 1986, which had been appealed to this Court. The present appeal followed.
The sole issue for our review is whether the trial court's finding was supported by credible evidence. We are of the opinion that it was; therefore, the judgment of the trial court is due to be affirmed.
As we have already stated, this case was presented to the trial court sitting without a jury. This Court has written a plethora of opinions enunciating the standard of review in such cases.
That rule is that when evidence is presented oretenus in a boundary line dispute, the trial court's judgment establishing the boundary is presumed to be correct and will not be disturbed on appeal if supported by credible evidence. Smith v. Nelson, 355 So.2d 359 (Ala. 1978); Nelson v. Garrard, 403 So.2d 230 (Ala. 1981);Moore v. Johnson, 471 So.2d 1250 (Ala. 1985). "A judgment of the trial court establishing a boundary line between coterminous landowners need not be supported by a great preponderance of the evidence; the judgment should be affirmed if, under any reasonable aspect of the case, the decree is supported by credible evidence." Graham v.McKinney, 445 So.2d 892, 894 (Ala. 1984). The presumption of correctness of a trial court's decision is strengthened when the trial judge views the land in controversy. Nelson, supra.
After a careful review of the record, we conclude that there was sufficient evidence to support the judgment.
The judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.