This is an appeal from a judgment quieting title and reforming a deed to real property located in Geneva County.
The dispute involves a tract of property covering three residential lots. It is undisputed that the Herring family had been in possession of the three lots from the mid-1940's until February 1963, when they sold one of the lots to Mr. and Mrs. Sam E. Dixon. In July 1964, the Dixons conveyed the lot to Myrtie Watson, the appellant. The Herrings retained title to the lot on each side of the Watson lot.
The controversy apparently developed as a result of an erroneous determination by the Geneva County Appraisal and Mapping Office on the actual boundaries of the Watson lot. Greg Harrison, of the Geneva County Appraisal and Mapping Office, testified that in 1978, when the last reappraisal of Geneva County property was completed, Watson was mistakenly assessed ad valorem taxes on one of the Herrings' lots, while the Herrings were mistakenly assessed ad valorem taxes on the lot belonging to Watson.
In 1986, Watson began to use the lot owned by the Herrings, and incorrectly assessed to her, as though it were her own. Watson attempted to demonstrate her ownership of the subject lot by filing a listing for taxation, placing a post on the property, placing "keep off" signs on the property, placing a chain on the property, and parking a Datsun pick-up truck on the property. Watson also wrote Mrs. Herring a letter that provided as follows:
"Re: Property owned by Mrs. Myrtie Watson
"Dear Mrs. Herring:
 "This is to advise you that you are using my property adversely and collecting rents that are rightfully mine. I claim this right by virtue of a Warranty Deed conveyed to me by Mr. and Mrs. Dixon. I am enclosing a copy of said Warranty Deed for your inspection and convenience which, of course, contains a description of my property and boundaries.
 "I further aver that all rents, past and future, are payable to me on any Trailer lots in the confines of my property. I desire you to make an accounting of all rents collected in the past and remit them to me immediately. I also demand that you refrain from further collection of said rents.
 "I request that you make the necessary arrangements and notification to all tenants concerned within thirty (30) days from the date of this letter and that you will instruct them to make all future payments to me.
 "Thanking you in advance for your cooperation in this very important matter, I am,
"Sincerely,
"s/Mrs. Myrtie P. Watson
"Encl:"
In October 1986, the Herrings engaged the services of Charles Bowden to resurvey the Herrings' two lots and Watson's one lot, which was situated between the Herrings' two lots. The Herrings furnished Bowden copies of certain conveyances, which Bowden said he used in making his determination as to the actual location of Watson's lot. Bowden stated that he found an old fence, an iron pipe buried six inches deep, and another pipe buried three inches in the ground, all of which coincided with the copies of the conveyances furnished to him.
Even though the description in the deed is not completely clear, especially regarding the "point of beginning," the trial judge had before him the parties, the description in the deeds, and the result of the survey. After hearing the evidence ore tenus, in which there were many references to exhibits and much "pointing," he determined *Page 35 
that the interests of the parties could be enforced by reforming one deed, using the survey to establish the boundaries of the respective lots and to quiet title; the court ordered:
 "1. that all right, title and interest in and to Parcel I and Parcel II as described in Exhibit A, which is attached hereto, is vested in the plaintiffs [the Herrings] to the exclusion of all others and title to these Parcels is hereby quieted in the plaintiffs.
 "2. that all right, title and interest in and to Parcel III is hereby vested in Myrtie Watson to the exclusion of all others and title to the said property is hereby quieted in the defendant."
This case was tried ore tenus. In cases tried ore tenus, the trial court's judgment is presumed to be correct and it will not be disturbed on appeal if supported by credible evidence.Jones v. Henderson, 535 So.2d 90, 91 (Ala. 1988). This presumption is particularly appropriate where witnesses refer and point to exhibits and maps. White v. Boggs, 455 So.2d 820,822 (Ala. 1984). The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.