RUSSELL, Judge.
This is an appeal from an order reforming deeds and determining and assessing the difference in value between disputed parcels of land.
Frances T. Washington filed a complaint, seeking to recover certain land in St. Clair County and also seeking monetary damages for lost rents and profits and for trespass. Instead, the trial court reformed the deeds and vested legal title in the disputed property in Helen and Leon West, also ordering that the Wests pay $2,000 to Washington for the difference in the value of the two parcels of land and that Ara E. Brown pay $1,000 to the Wests. Subsequent to this appeal being filed, Helen West was substituted as the sole defendant due to the death of her husband, Leon West. Washington appeals. We affirm.
The dispositive issue is whether the trial court erred in reforming two deeds to comply with the actual use of the land rather than complying with the property description in the deeds.
We note at the outset that, when evidence is presented ore tenus, the judgment of the trial court is presumed to be correct and, if supported by credible evidence, will not be disturbed on appeal. “This presumption is particularly appropriate where witnesses refer and point to exhibits and maps.” Watson v. Herring, 549 So.2d 33, 35 (Ala.1989) (citations omitted).
The record and the trial court’s order reveal that in November 1982, Washington received a certain parcel of land from *1362 Emma L. McAfee. In June 1983, Washington conveyed a portion of the property to Charles and Linda Trammell. Subsequently, Charles and Linda Trammell permanently placed a double-wide trailer on a portion of the property and. in May 1984 conveyed the property to Ara E. Brown, Linda Tram-mell’s mother. Then, in September 1984, Brown conveyed her interest in the property to the Wests.
The testimony indicates that the Tram-mells met with Washington and a surveyor prior to the sale of the property by Washington to the Trammells and that stakes were set out with flags on them, delineating the boundaries of the property that was proposed to be sold. The Trammells testified that they placed the trailer on the property that was pointed out to them on the joint visit to the property. However, the trailer was not placed on the property that is described in the deed conveying the property to the Trammells.
The testimony is in conflict as to whether Washington ever told the Trammells that they had placed their trailer on her land and whether any notice was ever given prior to a letter sent to the Wests. Expert testimony was also given which indicated that the parcel of property in the possession of the Wests was worth $2,000 more than the other parcel of property.
In addition to hearing expert testimony and observing locations pointed out on maps and exhibits, the trial judge also made a visit to view the property.
Washington contends that the trial court erred in vesting title in the Wests to property that had not been conveyed to them by an original deed. We do note that there is a presumption arising from the deed that it is the true agreement. Daniels v. Johnson, 539 So.2d 259 (Ala.1989); Jim Walter Homes, Inc. v. Phifer, 432 So.2d 1241 (Ala.1983). However, the burden is on the party who seeks the reformation to prove by clear, convincing, and satisfactory evidence that he is entitled to such. Daniels, 539 So.2d 259.
The trial judge heard the evidence, observed the demeanor of the witnesses, saw the witnesses refer to and point to maps and exhibits, and visited the property. His judgment, therefore, is presumed to be correct, and we find that it was supported by credible evidence. Watson, 549 So.2d 33. Therefore, we do not find that the trial judge erred by ordering the reformation of the deeds and the payment of the difference in the value of the two parcels of property.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J„ concur.