RUSSELL, Judge.
This case involves the breach of a leasing contract.
Ford Motor Credit Company (Ford) filed a complaint against Krishnamurthy Gadi, claiming sums owed due to default under an automobile leasing contract. The trial court ruled in favor of Ford and assessed damages against Gadi in the amount of *826 $3,697.62, plus costs. The trial court subsequently denied Gadi’s motion to vacate judgment or, in the alternative, for a new trial.' Gadi appeals. We affirm.
The dispositive issue is whether the trial court abused its discretion in denying Gadi’s motion to vacate or, in the alternative, for a new trial.
We note at the outset that, when a case is tried ore tenus, the trial court’s judgment is presumed to be correct and will not be disturbed on appeal if supported by credible evidence. Watson v. Herring, 549 So.2d 33 (Ala.1989).
The record discloses that on May 26, 1986, Gadi entered into a lease agreement with Cloverleaf Lincoln Mercury, Inc. (Cloverleaf), an automobile dealership. The lease contained a forty-eight-month term and was assigned to Ford. Some twelve months into the lease, Gadi was informed that he would be laid off from his job. Gadi subsequently returned the car to Cloverleaf on the advice of representatives of Cloverleaf and Ford.
There is conflicting testimony concerning the advice given to Gadi by these representatives. Gadi claims that he was told to return the car and that he would not be “hurt ... in any manner.” William Edward Knight, a representative of Ford, testified from office records that on two occasions Gadi was advised that the repossession would be on his credit for seven years and that the liability for the deficiency also was explained to him.
Knight also testified that Ford was owed $21,722.62 by Gadi at the time of the default, which included a $113 auction charge, the lease-end value of the vehicle, and the unpaid portion of the lease payments; that the lease-end value of the automobile was $7,905 and that this would have been Ford’s investment in the vehicle at the end of the lease; that the remaining lease payments were discounted to present value; and that the automobile was sold at auction for $17,500, which left an outstanding liability of $3,697.62. (A $525 security deposit apparently was credited to Gadi, leaving the outstanding liability claimed by Ford.)
Gadi contends that the trial court erred in denying his motion to vacate or, in the alternative, for a new trial because (1) the damages awarded by the trial court were excessive and were not supported by the preponderance of the evidence, and (2) the default provisions of the lease agreement were unconscionable.
As to the first contention that the damages were excessive and were not supported by the preponderance of the evidence, Gadi claims that he owes only $209.68, the total of the remaining lease payments and the auction charge less the security deposit and the proceeds of the sale at auction. However, Gadi clearly has not considered the lease-end value of the car in his calculations. The lease agreement indicates that Ford either would have received $7,905 as purchase option price from Gadi at the end of the lease term or would have received the car. The evidence indicates that the lease-end value is the same as the purchase option price of $7,905 and that this was to have been Ford’s investment in the vehicle at the end of the lease.
Gadi also claims that the language in paragraph 21 of the lease is in conflict and creates an ambiguity in the lease. Paragraph 21 provides for retaking of the vehicle in the event of failure to make payments as required under the lease. The amounts owed after the retaking are outlined as follows:
“Even if the Lessor retakes the Vehicle, the Lessee must still pay at once the monthly payments for the rest of the lease term and any other amounts that the Lessee owes under this lease. The Lessor will subtract from the amount owed sums received from the sale of the Vehicle in excess of what the Lessor would have had invested in the Vehicle at the end of the lease term.”
We find that the language in paragraph 21 is not conflicting or ambiguous and that it is clear that Gadi would not be given complete credit for the amount received from the sale of the vehicle at auction and that credit from the sale of the vehicle *827 would only be given for the amount in excess of what the lessor had invested in the vehicle at the end of the lease. Although in the instant case the amount that would have been invested in the vehicle at the end of the lease was included in the amount owed by Gadi and the entire amount of the sale price of the automobile was credited to Gadi, the intent of paragraph 21 was followed. Therefore, we find that the damages were not excessive and that the evidence presented supported the amount of damages awarded.
As to Gadi’s second contention that the default provisions of paragraph 21 are unconscionable, we note that this argument is raised for the first time on appeal; therefore, we are unable to consider it. We may not put the trial court in error for failure to rule on a matter which was not presented to it or decided by it. City of Rainbow City v. Ramsey, 417 So.2d 172 (Ala.1982).
Based on the above, we find that the trial court’s judgment was supported by credible evidence, Watson, 549 So.2d 33, and that it did not err in denying Gadi’s motion to vacate or, in the alternative, for a new trial.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.