ADAMS, Justice.
The defendant appeals from the following final judgment entered by the trial court:
“This cause coming on to be heard is submitted for a final judgment on the pleadings and testimony taken orally before the Court and the Court having considered the same, the Court finds as follows:
“On the 27th of May, 1980, Frances Nell Stabler purchased the land in question for $2500.00. The property purchased by Mrs. Stabler was incorrectly described in the deed by mistake. The property was not changed on the tax records to Mrs. Stabler but remained in the name of Milton, Mrs. Stabler’s grant- or.
*885 “No real property taxes were paid on the property since the property was listed in the name of Milton and the Miltons did not own the property.
“The defendant, Frank Snuggs, purchased the property in 1982 at a tax sale for $24.79 and has paid taxes on the property since that time.
“The Court finds that as between a bona fide purchaser for value of property with an incorrect description in the deed and a purchaser at a tax sale for unpaid taxes, in equity, the bona fide purchaser for value should prevail.
“THEREFORE, IT IS ORDERED AND ADJUDGED as follows:
“1. That the plaintiff, Bennie Stabler, is the lawful owner of the following described property and that the defendant, Frank Snuggs, has no interest whatsoever therein:
“A parcel of land located in the SW 1/4 of the SW 1/4 of Section 20, Township 1 North, Range 22 East, in the City of Geneva, Geneva County, Alabama, and being more particularly described as follows: Begin at the Northwest corner of the Mae Grantham parcel as described in Deed Book 16, page 759; thence South 89 degrees — 36 minutes West a distance of 70.00 feet; thence South 00 degrees — 56 minutes West a distance of 147.00 feet; thence North 89 degrees — 36 minutes east a distance of 70.00 feet along the north line of Promenade Avenue thence north 00 degrees — 56 minutes west a distance of 147.00 feet to the point of beginning. The herein described parcel of land contains 0.23 acre.
“2. That the plaintiff shall pay or refund to the defendant, Frank Snuggs, all sums he has paid to the tax collector or Revenue Commissioner of Geneva County, Alabama, as taxes on the above described property since he purchased the land at the tax sale.”
At the outset, we note that
“[t]his case was tried ore tenus. In cases tried ore tenus, the trial court’s judgment is presumed to be correct and it will not be disturbed on appeal if supported by credible evidence. Jones v. Henderson, 535 So. 2d 90, 91 (Ala.1988). This presumption is particularly appropriate where witnesses refer and point to exhibits and maps. White v. Boggs, 455 So. 2d 820, 822 (Ala.1984).”
Watson v. Herring, 549 So.2d 33 (Ala.1989).
“It is axiomatic that a court in Alabama may exercise its equitable jurisdiction to reform a deed that does not accurately reflect the intentions of the parties. ‘One ground for reformation of a written instrument is mutuality of mistake.’ Powell v. Evans, 496 So. 2d 723, 725 (Ala.1986). (Citations omitted.) With regard to mutuality of mistake, this Court in Palmer v. Palmer, 390 So. 2d 1050, 1053 (Ala.1980), stated:
“ ‘Mistake of fact is a well-recognized ground for interposition of a court of equity. 13 Am.Jur.2d Cancellation of Instruments § 31 (1964). Where it appears that by a mutual mistake of all parties the instrument does not conform to or express their intention or agreement, as where by mistake some material part of the instrument is omitted or the deed is drawn to convey a different interest or a greater or lesser estate than was agreed upon, relief may be had in equity against the other party to the conveyance or his privies. 23 Am.Jur.2d Deeds §§ 155, 158 (1965).
“ ‘Although a deed in terms expresses the intention of the parties, if there is material mistake as to the property to which those terms apply, such as to its identity, situation, boundaries, title, amount, value, and the like, a court of equity may grant appropriate relief. Goodrich v. Lathrop, 94 Cal. 56, 29 P. 329 (1892).’ ”
Long v. Vielle, 549 So.2d 968, 970-71 (Ala.1989). In this case, the trial court considered the evidence and determined that there had been a mutual mistake as to the description of the property that Stabler had purchased. Although the complaint did not request reformation of the deed from the original grantor to Stabler, the evidence supported the result reached by the trial *886 court. In fact, the evidence clearly indicated that Stabler thought that she had purchased the same lot that Snuggs acquired for back taxes of $24.79. Furthermore, there was evidence that, if believed, indicated that Stabler’s mother maintained a garden on the property and that the garden should have placed Snuggs on notice that there was another claim to the property at the time he purchased it at the tax sale.
Snuggs contends that § 40-10-82, Code of Alabama 1975, controls, and that the action to quiet title in this case amounts to an attempt at redemption rather than reformation of a deed, and he contends that Stabler should not be allowed to redeem the property because an action to redeem is barred by the statute of limitations. Even if this were considered to be a redemption case, and the facts indicate that it is more complicated than at least a simple redemption, we find evidence tending to show that Snuggs was not in exclusive possession of the property for three years after he was entitled to demand a tax deed. See § 40-10-82, Code of Alabama 1975. In fact, as stated above, there was evidence that Stabler’s mother maintained a garden on the property in question the entire time that Snuggs claims to have had exclusive possession and, therefore, that Snuggs did not have exclusive possession of the property.
Snuggs also contends that because the original grantors were not joined, the action, if one for reformation, was void. We disagree. In Long v. Vielle, supra, we stated:
“The law regarding indispensable parties is quite clear, but it is not inflexible. In Moody v. Moody, 339 So. 2d 1030, 1034 (Ala. Civ. App.), cert. denied, 339 So. 2d 1035 (Ala.1976), the Court of Civil Appeals described one instance of flexibility:
“ ‘A close examination of Rule 19, ARCP, implies that a person should be joined as a party, in the first instance, if he is absent and, further, that the failure to so join is prejudicial to such person. In this instance, [the non-party] was not absent within the contemplation of the rule and to this court was not prejudiced by the failure to be added as a party.’ ”
Long, supra, at 973. Although the facts of this case are different, the original grantors’ interest in the property in question had been purchased by Snuggs at the tax sale; therefore, we do not consider that they were in any way prejudiced by not being named as parties.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.