Filed 7/21/14  Doctors Medical Center v. Kaiser Foundation CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DOCTORS MEDICAL CENTER OF MODESTO, INC., | F066017 |
| Plaintiff and Appellant, | (Super. Ct. No. 661566) |
| v. | **OPINION** |
| KAISER FOUNDATION HEALTH PLAN, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Stanislaus County. Timothy W. Salter, Judge.

Helton Law Group, Carrie McLain, Jonathan F. Buck, Joe Hee Kershner and Sharyld A. Brecht for Plaintiff and Appellant.

Marion's Inn, Brian S. Lee and David B. Anderson for Defendant and Respondent.

-ooOoo-

This appeal arises from a contract dispute between appellant Doctors Medical Center of Modesto (Hospital), an acute care hospital trauma center, and respondent

Kaiser Foundation Health Plan, Inc. (Kaiser), a health care service plan, over reimbursement for trauma services provided to Kaiser's members by Hospital. Hospital sued Kaiser for breach of a May 2009 provider services agreement claiming that Kaiser failed to pay the contracted rate for trauma services and owed Hospital over $1 million.

Kaiser moved for summary judgment on the ground that the 2009 agreement was superseded by a February 2010 agreement between Hospital and Kaiser. Shortly before the hearing on Kaiser's summary judgment motion, Hospital moved for leave to amend its complaint to state a cause of action for rescission of the 2010 agreement based on mutual mistake of fact. The trial court granted summary judgment in Kaiser's favor and denied Hospital's motion for leave to amend.

Hospital does not challenge the grant of summary judgment. Hospital argues the trial court erred in denying its motion to amend the complaint.

The trial court correctly concluded that Hospital failed to provide any evidence of a mutual mistake of fact and therefore amending the complaint would have been an idle act. Accordingly, the judgment will be affirmed.

## BACKGROUND

To pay for services provided to its members at a non-Kaiser hospital, Kaiser may access several "PPO-network lease providers." These PPO-network lease providers negotiate discounted reimbursement rates with various hospitals and then enter into separate contracts with health plans such as Kaiser. This enables Kaiser to access the discounted "network" reimbursement rates in exchange for a fee.

In 2003, Kaiser entered into a contract to "lease" a discounted "network" payment rate from Beech Street Corporation (Beech Street). In 2004, Hospital and Beech Street entered into a separate contract that set the rate that Kaiser was to pay for Hospital's services. Kaiser's payment rate under these Beech Street contracts was 66 percent of the billed charges for all inpatient and outpatient covered services.

2.

Effective in 2009, Hospital amended its contract with Beech Street to increase its trauma services payment rate to 85 percent of covered billed charges. All other inpatient and outpatient services remained at the 66 percent rate. Kaiser was not involved in making this rate change.

Thereafter, Kaiser and Hospital negotiated a direct contract to govern Kaiser's payments for Hospital's services. This direct contract took effect in February 2010.

The 2010 contract provided per diem and per assessment prices for certain psychiatric services and set a rate of 66 percent of covered billed charges for all other services. The contract also included an integration clause stating that it "contains all the terms and conditions between the parties and supersedes any prior contracts, agreements, negotiations, proposals or understandings relating to the subject matter of this Agreement."

After the February 2010 contract took effect, Kaiser began paying all reimbursements to Hospital, including for trauma services, at the 66 percent rate.

Hospital filed the underlying complaint alleging that Kaiser breached the 2009 Beech Street contract by not reimbursing Hospital at 85 percent of covered billed charges for trauma services. Hospital set forth causes of action for breach of written contract and breach of the implied covenants of good faith and fair dealing. Hospital also sought a determination that the 2010 contract applied only to psychiatric services.

The parties filed cross-motions for summary adjudication and summary judgment. Kaiser argued that its payments to Hospital of 66 percent of covered billed charges for trauma services were correct. According to Kaiser, the 2010 contract superseded the 2009 Beech Street contract and expressly and unambiguously identified 66 percent as the applicable rate. Hospital asserted that the 2009 Beech Street contract still governed payments for trauma services because the 2010 direct contract was intended to cover mental health services only.

3.

After filing these cross-motions, the parties took the depositions of each side's contract negotiators. Nancie Malucchi, Kaiser's contract negotiator, testified that she intended to "pull" the Beech Street rates into the 2010 agreement. Malucchi believed at the time that the Beech Street rate was 66 percent for all covered charges and was unaware of the higher rate for trauma services in the 2009 contract. Malucchi never looked at the Beech Street contract during the negotiations. Joanna Bonfadini, Hospital's contract negotiator, declared that the 2010 contract applied only to mental health services as the parties never agreed to any acute care rates.

Hospital sought leave to file an amended complaint to state a cause of action for rescission. Hospital argued that Malucchi's misunderstanding of what the Beech Street rates were for trauma services resulted in a mutual mistake of fact. According to Hospital, "the two contract negotiators were not contemplating the same rates when referencing the Beech Street rates, even though they kept referring to *Beech Street rates*." Hospital asserts that, because the parties "were talking about entirely different things whenever they referenced the Beech Street rates, a material aspect of the contract," there was no meeting of the minds.

The trial court granted Kaiser's summary judgment motion. The court found that the 2010 contract clearly included trauma services within its scope, set a rate of 66 percent of billed charges for those services, and was integrated. The court determined that, contrary to Hospital's position, the contract could not reasonably be construed to exclude trauma and other emergency services.

The court further found that Hospital's alternative mutual mistake of fact theory lacked sufficient evidence to create a triable issue of material fact. Rather, Hospital signed a written agreement that unambiguously encompassed acute care services and did not contend that its negotiators failed to read or understand the 2010 contract's terms. The court concluded that Malucchi's statements in deposition that she thought the Beech Street trauma service rate was 66 percent rather than 85 percent when she negotiated the

4.

2010 contract did not tend to show a mutual mistake of fact.  Rather, Malucchi's statements showed that Kaiser always sought a 66 percent rate for all services from Hospital, including trauma services, consistent with the written terms of the 2010 contract.  Accordingly, the trial court refused to grant Hospital leave to amend its complaint.

**DISCUSSION**

Hospital argues that the trial court's refusal to allow it to amend its complaint to state a cause of action for rescission resulted in a miscarriage of justice.  Hospital notes that requests for leave to amend in connection with motions for summary judgment are routinely and liberally granted.  (*Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1663-1664.)

However, it is proper to deny leave to amend where the additional claims are without merit.  (*Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 652.)  In that case, the plaintiff gains nothing from the opportunity to amend its complaint.  (*Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 641.)

Here, Hospital did not present any evidence of a mutual mistake of fact.  The 2010 contract set a rate of 66 percent of covered billed charges for all services other than the enumerated psychiatric services.  The contract made no reference to "Beech Street rates." Malucchi's incorrect belief during the negotiations that the Beech Street rate was 66 percent for all services is irrelevant.  The 2010 contract clearly stated the rate was 66 percent.

Mutual assent is determined by objective criteria, not by one party's subjective intent.  (*Marin Storage & Trucking, Inc. v. Benco Contracting & Engineering, Inc.* (2001) 89 Cal.App.4th 1042, 1050 (*Marin Storage*).)  Even if the parties had differing subjective understandings of the contract, there is no "mistake" for rescission purposes. (*Hedging Concepts, Inc. v. First Alliance Mortgage Co.* (1996) 41 Cal.App.4th 1410, 1421.)

5.

By signing the 2010 contract, Hospital is deemed to have assented to all of its terms. (*Marin Storage, supra,* 89 Cal.App.4th at p. 1049.) Hospital cannot avoid these terms based on a claim of mutual mistake of fact. "A 'mutual' mistake is one made by both parties as to the same proposition." (*Wood v. Metzenbaum* (1951) 107 Cal.App.2d 727, 731.) No such mutual mistake was made here. Accordingly, the proposed amendment to Hospital's complaint would have been an idle act.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to Kaiser.


_____
LEVY, Acting P.J.

WE CONCUR:


_____
POOCHIGIAN, J.


_____
PEÑA, J.

6.